## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JANE DOE 1, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE |
| RED ROOF INNS, INC., VARAHI | ) | NO. 1:19-CV-03840-WMR |
| HOTEL, LLC, et al., | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED, |
| | ) | Pursuant to Fed. R. Civ. P. 38 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER OF DEFENDANT VARAHI HOTEL, LLC

COMES NOW Defendant Varahi Hotel, LLC, by and through its undersigned attorneys, and file this, its Answer to Plaintiff's Amended Complaint showing the Court as follows:

## FIRST AFFIRMATIVE DEFENSE

The acts or omissions of Plaintiff may have caused or contributed to the injuries and damages Plaintiff claims in this action.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff was trafficked for sex as alleged in her Complaint, the actions of her traffickers were the proximate cause of her damages and they are wholly responsible for her damages.

## ANSWER

1.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 1.

2.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 2.

3.

The allegations of paragraph 3 are denied and denied as argumentative.

4.

The allegations of paragraph 4 are denied and denied as argumentative.

5.

The allegations of paragraph 5 are denied and denied as argumentative.

6.

The allegations of paragraph 6 are denied and denied as argumentative.

7.

The allegations of paragraph 7 are denied and denied as argumentative.

8.

The allegations of paragraph 8, including all subparts, are denied and denied as argumentative.

9.

The allegations of paragraph 9, including all subparts, are denied and denied as argumentative.

10.

The allegations of paragraph 10 are denied.

11.

The allegations of paragraph 11 are denied.

12.

The allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

## THE PARTIES

15.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 15.

16.

The allegations of paragraph 16 are denied.

17.

Defendant Varahi admits that it owned the Red Roof Inn franchise located at 2200 Corporate Plaza, Smyrna, Georgia 30080, since 2012.   This Defendant is without knowledge or information sufficient to form a response as to the remaining allegations of paragraph 17.

18.

The allegations of paragraph 18 are admitted.

19.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 19.

20.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 20.

21.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 21.

22.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 22.

23.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 23.

24.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 24.

25.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 25.

26.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 26.

27.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 27.

28. – 70.

The allegations of paragraphs 28 through 70 do not relate to this Defendant; therefore, no response is required.  To the extent that a response is required, denied.

## JURISDICTION & VENUE

71. – 73.

The allegations of paragraphs 71 through 73 are denied as stated; however, Defendant Varahi does not contest this Court's jurisdiction over this matter.

## FACTUAL ALLEGATIONS

74. – 80.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraphs 74 through 80.

81.

The allegations of paragraph 81 are denied.

82. – 95.

This Defendant denies all allegations in paragraphs 82 through 95.

96. – 101.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraphs 96 through 101.

102. – 123.

The allegations of paragraphs 102 through 123 are denied.

124.

This Defendant admits that during some years of its ownership a sign stating "NO REFUNDS AFTER 15 MINUTES" was displayed at the front desk of the Red Roof Inn Smyrna hotel. Defendant denies the remaining allegations of paragraph 124.

125. – 130.

The allegations of paragraphs 125 through 130 are denied.

131.

 The allegations of paragraph 131 are admitted.

132. – 136.

The allegations of paragraphs 132 through 136 are denied.

137.

The allegations of paragraph 137 are denied as stated.

138. – 166.

The allegations of paragraphs 138 through 166 are denied.

167.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 167.

168.

This Defendant is without knowledge or information sufficient to form a response to the allegations of paragraph 168.

169.

The allegations of paragraph 169, including all subparts, are denied.

170.

The allegations of paragraph 170 are denied.

171.

The allegations of paragraph 171 are denied.

172. – 326.

The allegations of paragraphs 172 through 326 do not relate to this Defendant; therefore, no response is required.  To the extent that a response is required, denied.

327. – 357.

The allegations of paragraphs 327 through 357 are denied.

358. – 532.

The allegations of paragraphs 358 through 532 do not relate to this Defendant; therefore, no response is required.  To the extent that a response is required, denied.

533. – 576.

The allegations of paragraphs 533 through 576 are denied.

577. – 799.

The allegations of paragraphs 577 through 799 do not relate to this Defendant; therefore, no response is required.  To the extent that a response is required, denied.

WHEREFORE, Defendant Varahi Hotel, LLC, respectfully demands judgment in its favor, all costs and attorney's fees for defending the action, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of December 2019.

HAWKINS PARNELL & YOUNG LLP

*/s/ C. Shane Keith*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hpylaw.com
skeith@hpylaw.com
eream@hpylaw.com

Warner S. Fox
Georgia Bar No. 272654
C. Shane Keith
Georgia Bar No. 411317
Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant Varahi Hotel, LLC*

## LR 7.1(D), NDGA. CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief was prepared with one of the font (Times New Roman) and point (at least 14 point) selections approved by the Court in LR 5.1C, NDGa.

*/s/ C. Shane Keith*

C. Shane Keith
Georgia Bar. No. 411317

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of December 2019, the foregoing

**ANSWER OF DEFENDANT VARAHI HOTEL, LLC** was filed with the Clerk

of Court using the EM/ECF system which will send e-mail notification to all

counsel of record for this matter.

*/s/ C. Shane Keith*

_____

C. Shane Keith
  Georgia Bar. No. 411317