# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JANE DOE 1,

              Plaintiff,

vs.

RED ROOF INNS, INC., VARAHI HOTEL, LLC, FMW RRI NC, LLC, WESTMONT HOSPITALITY GROUP, INC., RRI III, LLC, WHG SU ATLANTA, LP, SUB-SU HOTEL GP, LLC, CHOICE HOTELS INTERNATIONAL, INC., WYNDHAM HOTELS & RESORTS, INC., MICROTEL INNS AND SUITES FRANCHISING, INC., KUZZINS BUFORD, LLC, RAMADA WORLDWIDE INC., JEET & JJ LLC, NEWTEL V CORPORATION, CPLG HOL, LLC, CPLG PROPERTIES, LLC, COREPOINT LODGING, INC., LQ MANAGEMENT, LLC, LA QUINTA WORLDWIDE, LLC, HAMENT DESAI, VAD PROPERTY MANAGEMENT, LLC, VANTAG EHOSPITALITY GROUP, INC., 2014 SE OWNER 5-EMORY, LLC, LAXMI DRUID HILLS HOTEL, LLC, JHM HOTELS MANAGEMENT, INC., AURO HOTELS MANAGEMENT, LLC, HILTON FRANCHISE  HOLDINGS,LLC, HILTON DOMESTIC OPERATING COMPANY, INC., HILTON WORLDWIDE HOLDINGS, INC. and JOHN DOES 1-10.

              Defendants.

Civil Action No.:
1:19-cv-03840-WMR

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S REPLY IN SUPPORT OF ITS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR IN THE ALTERNATIVE TO STRIKE**

1

COMES NOW Defendant, Choice Hotels International, Inc. ("Choice"), by and through their undersigned counsel, and submits this Reply in Support of Choice's Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative to Strike, and in support thereof states as follows:

**A.   Plaintiff's Amended Complaint is an impermissible shotgun pleading that unfairly lumps multiple Defendants together as the "Suburban Extended Stay Defendants."**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim *showing that the pleader is entitled to relief*." Rule 10(b) further requires a plaintiff to state her claims clearly in appropriately numbered paragraphs and separated counts. The 11th Circuit has explained that the purpose of these rules:

> is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, *the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted*, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (emphasis added). A complaint that violates the pleading requirements of Rules 8(a)(2) or 10(b), or both, is a "shotgun" pleading. *Id*. The 11th Circuit has "identified four rough types or categories of shotgun pleadings" that fail to meet these pleading requirements. *Id*. at 1321-22. Relevant here, the first includes "a

complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." *Id*. at 1322. The fourth includes complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . ." *Id*. at 1323.

No matter the category, the problem with "all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them *and the grounds upon which each claim rests*." *Id*. (emphasis added). As the 11th Circuit explained, shotgun pleadings "are flatly forbidden" because they are "calculated to confuse" the opponent and the court in order to "mask[]" "theories for relief not provided by law and which can prejudice an opponent's case." *Id*. at 1320. They "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, impose unwarranted expense on the litigants" and the court and "constitute [] toleration of obstruction of justice." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1356-57. Accordingly and contrary to Plaintiff's arguments, the 11th Circuit "has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014) (alteration in original); *see also Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

Dismissal of a complaint as a shotgun pleading is warranted where, as here, the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief.[1]  *See Weiland*, 792 F.3d at 1322, 1325.

For example, in Response, Plaintiff simply concludes that Choice "supervised, oversaw, and controlled, the operations" of the location at issue. Response at 9.  However, a cursory review of the paragraphs referenced by Plaintiff demonstrates that the vast majority *do not* reference Choice at all.[2]  Instead, the allegations simply reference the "Suburban Extended Stay Defendants" generically, effectively preventing Choice from determining which actions it is alleged to have taken that would result in any liability whatsoever. It is impossible to determine which theory Plaintiff contends ought to be applied to which allegations (i.e., direct liability, vicarious liability, agency, joint employer, or some other type of allegation). This failure leaves Choice unable to adequately defend itself. Plaintiff's conclusory allegations are insufficient as a matter of law to ignore the corporate form of franchising and hold Choice liable on that basis.

---

[1] Plaintiff half-heartedly contends that "group pleading" or failing to delineate between individual Defendants is generically acceptable.  In support of this proposition, they cite two pre-*Iqbal* cases, *Crowe v. Coleman,* 113 F.3d 1536, 1539 (11th Cir. 1997) and *Kyle K.*, *v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000), which each applied an outdated notice pleading standard that is no longer applicable.

[2] ¶ 188 and ¶ 192 mention Choice by name to allege that Choice sent brand quality inspectors to the location at issue and that Choice would have seen online guest complaints related to crime at the hotel.  However, neither of these allegations are sufficient to maintain liability against Choice as a matter of law.  See Choice Motion to Dismiss at 18-19.

### 1.  Plaintiff violated Rule 10(b) because she failed to tie the general allegations to any individual claim against Choice.

As the 11th Circuit held in *Joseph v. Bernstein*, 612 Fed. App'x 551, 558 (11th Cir. 2015), *failing* to incorporate *any* of the general allegations into any of the individual counts is just as problematic as incorporating *all* of them. Both violate Rule 10(b) because, in both situations, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id*. Here, Plaintiff simply incorporates all of the generic claims against "Suburban Extended Stay Defendants" into each Count. *See Yeyille v. Sch. Bd. of Miami-Dade Cty.*, 643 Fed. App'x 882, 884-85 (11th Cir. 2016) (affirming dismissal of shotgun complaint with prejudice where many counts failed to reference any of the general allegations and the district court had concluded this was equally problematic as incorporating all general allegations into each count).

What is even more clear, there isn't a single Count in which Plaintiff seeks to hold Choice liable where there is even a single *specific* allegation of wrongdoing *against* Choice set forth. Plaintiff fails to specify *which* Defendants or *what* conduct is being alleged. That failure, along with Plaintiff's pervasive approach of lumping Defendants together throughout the Amended Complaint, is particularly problematic given the failure of the pleading to address the alleged roles of the various entities in the very transactions alleged.

**2.     Plaintiff violated Rule 8(a)(2) because it indiscriminately lumped Defendants together without articulating a plausible factual basis for each Defendants' or Choice's liability.**

Plaintiff "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. This type of pleading violates Rule 8(a)(2). *See id.*; *Joseph*, 612 Fed. App'x at 555; *see also LaCroix v. W. Dist. of Ky.*, 627 Fed. App'x 816, 818-19 (11th Cir. 2015) (affirming dismissal with prejudice because complaint was a "classic shotgun pleading" when it included "factual allegations that are not specifically tied to any of the . . . enumerated causes of action," and the "causes of action [were] alleged against the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct"); *Kabbaj v. Obama*, 568 Fed. App'x 875, 880 (11th Cir. 2014) (same). The counts failed to "specify[] which of th[ose] Defendants [is or] are responsible for which acts or omissions" that would render them liable for the particular claim and theory asserted against them. *See Weiland*, 792 F.3d at 1323. This practice violates Rule 8 because it fails to allege "the grounds upon which each claim rests" as to each Defendant. *Id.*

Plaintiff claims violating Rule 8(a) is permissible in this case because "all the defendants are responsible for the alleged conduct." Response at 5. Plaintiff is incorrect - there is no law that allows a plaintiff to ignore the pleading requirements

6

of Rule 8(a) with vague and conclusory allegations of purported collective liability. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *see also Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1248-49 (S.D. Fla. 2018) (dismissing complaint for violating Rule 8(a) because it indiscriminately lumped together defendants without alleging a plausible basis to hold them responsible for the same conduct). Otherwise the requirements of Rule 8(a) would be meaningless. *See, e.g., Jackson*, 898 F.3d at 1352, n.1 (stating pleading requirements of Rule 8(a)). This failure is critical where, as here, there is no explanation offered as to any liability for Choice – a franchisor who does not own or operate the hotel and who does not employ any of the hotel's employees.

"[T]he requirements of Rule 8 [are] particularly pertinent" when a plaintiff is suing numerous parties to a corporate relationship. *Lane v. Cap. Acq. & Mgmt. Co.*, 2006 WL 4590705, at *1, 5 (S.D. Fla. April 14, 2006) (dismissing complaint for failure to comply with Rule 8(a) when it "fail[ed] to differentiate among the defendants"); *see also U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998). The relationship between a franchisor and franchisee is even more attenuated than in the cases cited above as set forth in more detail in the Choice Motion to Dismiss Plaintiff's Amended Complaint or in the alternative to Strike ("Choice Motion to Dismiss") at 3-4, 14-17. If a plaintiff seeks to hold separate entities liable for the same conduct,

7

it must have a legal basis for doing so. *See id.* at 61-64. That legal basis here is not articulated by Plaintiff whatsoever. For example, Plaintiff fails to make any allegations to explain why Choice ought to be liable for actions allegedly taken (or not taken) by the employees of the franchisee and such allegations are not the type to be simply assumed. *Salazar v. McDonald's Corp.*, No. 17-15673, 2019 WL 6743495, at *4 (9th Cir. Oct. 1, 2019) (holding that franchisor was not a joint employer with its franchisees).

In short, Plaintiff asks this Court to do exactly what the 11th Circuit in *Jackson* said must not be done: to waste resources and decide the Motion to Dismiss on the merits by sifting through a deficient complaint to try to figure out exactly what Plaintiff's legal claims are against each of the Defendants and what the facts are that support each claim. Plaintiff's claims ought to be dismissed as an impermissible shotgun pleading.

**B.     Failure to state a cognizable claim.**

Plaintiff's shotgun pleading failures are pervasive throughout each claim in the Amended Complaint, and they are therefore due to be dismissed. However, Plaintiff's Amended Complaint also fails to state a cognizable claim.

> **1.     Plaintiff's Trafficking Victims Protection Reauthorization Act ("TVPRA") claims fail as a matter of law.**

Plaintiff's TVPRA claims require them to allege and prove three separate categories of *mens rea*: (1) Choice had knowledge as to benefitting; (2) Choice had

knowledge as to "assisting, supporting or facilitating;" and (3) Choice had knowledge as to the person trafficked being a minor or subject to force. 18 USC §§ 1595(a), 1591(a)(2), 1591(e)(4). Plaintiff fails to adequately allege any of the three.

Plaintiff asks this Court to hold that the mere earning of royalty payments on the basis of a contractual franchise agreement is sufficient to meet the scienter requirement of a "knowing benefit." Response at 9. Such a holding could lead to absurd consequences – especially when such royalty payments have no relationship to the underlying act.[3]

Association alone cannot establish liability; instead, "some participation in the sex trafficking act itself must be shown." *Noble v. Weinstein*, 355 F. Supp. 3d 504, 515, 523 (S.D.N.Y. 2018) (denying the motion to dismiss as to Harvey Weinstein but granting as to Robert Weinstein and The Weinstein Company). Plaintiff asks this Court to adopt the statutory interpretation of *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-849, 2019 WL 4929297, at *4 (S.D. Ohio Oct. 7, 2019) and *H.H. v. G6 Hospitality, LLC*, No. 2:19-CV-755, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019) insofar as they held that the statutory definition of "participation in a

---

[3] *Lawson v. Rubin*, No. 17-cv-6404 (BMC), 2018 U.S. Dist. LEXIS 71582, at *32 (E.D.N.Y. Apr. 29, 2018) (finding that the fact a defendant was paid to draft nondisclosure agreements that had the effect of making it more difficult for victims to contact law enforcement was not enough to show the defendant "knowingly benefited" from participating in a trafficking venture under the TVPRA); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 10-CV-4124, 2013 U.S. Dist. LEXIS 180463, at *52 (W.D. Ark. Dec. 24, 2013) (quoting *United States v. Marcus*, 487 F. Supp. 2d 289, 306 (E.D.N.Y. 2007), rev'd on other grounds, 538 F.3d 97 (2d Cir. 2008)) (stating there must be a "causal relationship between the sex act" and the benefit purportedly received by the defendant); *Geiss v. Weinstein Co. Holdings*, LLC, 383 F. Supp. 3d 158, 168-69 (S.D.N.Y. 2019) (dismissing a claim about defendants' alleged participation in sex trafficking because they did not benefit from their participation).

9

venture" as requiring knowledge ought not be applied to civil suits. This Court should not accept Plaintiff's invitation to follow non-binding president in this regard. The statute specifically defines "participated in a venture" as "knowingly assisting, supporting, or facilitating a violation…" 18 U.S.C. § 1591(e)(4).  To abandon this definition in civil cases would be contrary to the clear purposes of Congress in adopting the definition.  Congress' adoption arose out of *civil suits* pending against Backpage as a defendant and was focused on defining the phrase which had been previously undefined in conjunction with the evaluation of cases involving *civil liability*.[4]  There is certainly no indication that Congress intended to limit the "knowing" component to criminal cases alone. As such, this Court should apply the definition of "participation in a venture" (requiring knowledge) as adopted by Congress for the express purpose of governing *civil* litigation to the claims set before it.  *See e.g., Geiss*, 383 F. Supp. 3d at 168-169;  *U.S. v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) (adopting the definition of "participation in a venture" as requiring knowledge and providing no express language limiting such definition to a criminal context alone).

Finally, none of Plaintiff's allegations contend that Choice knew either that Plaintiff was a minor or that she was "subject to force."  In fact, Plaintiff does not

---

[4] *See* Brief of Defendant-Appellee at 3-4, *Woodhull Freedom Foundation, et al., v. United States of America, et al.*, No. 18-5298, 2019 WL 1621020 (D.C. Cir. April 15, 2019).

allege Defendant Choice had any interactions with Plaintiff whatsoever, much less interactions that would have resulted in the requisite *mens rea* to establish liability. Accordingly, Plaintiff's allegations under the TVPRA against Choice must fail as a matter of law.

### 2. Plaintiff's Georgia RICO claims fail as a matter of law.

Plaintiff misses the point of Choice's argument and fails to direct the Court to any well-pleaded predicate act or how Choice's directors or managerial officials are alleged to have participated, much less which of them are alleged to have been involved. *Cobb Cty. v. Jones Group P.L.C.*, 460 S.E.2d 516 (Ga. Ct. App. 1995). Plaintiff's conspiracy claims fail as well – the few allegations Plaintiff points to in support of this claim are merely conclusory statements. To the extent any of Plaintiff's allegations can be fairly said to be made specifically as to Choice, they represent nothing more than mere but-for causes, far too remote from the alleged harm to qualify. Additionally, because Plaintiff must adequately allege a substantive RICO violation to sufficiently plead a RICO conspiracy claim, Plaintiff's Georgia RICO conspiracy claims must also be dismissed.[5]

### 3. Plaintiff's negligence claims fail as a matter of law.

Plaintiff asks this Court to hold that it is owed a duty by Choice as a franchisor

---

[5] Plaintiff contends that the 2015 amendment to the RICO statute of limitations extends the life of her allegations to be identical to those of criminal claims. Under her interpretation, the statute of limitations would be rendered meaningless. Further, the statute of limitations as to Plaintiff's claims only applies to predicate acts directed to her, not those allegedly directed towards others.

without a single well-pleaded allegation to support such an argument.[6] Plaintiff sets out nothing more than mere recitation of certain elements without providing any substantive allegations to support their bare legal recitations with any facts. Plaintiff alleges nothing to indicate Choice took any actions beyond simply implementing basic systems standards pursuant to its franchise agreement. Such actions have been held as a matter of law to be insufficient to create a duty. Choice Motion to Dismiss at 14-15. Further, Plaintiff stops short of alleging that Choice was the owner of the property at issue and, as such, its failure to plead something more is fatal to their claims related to duty.[7]

WHEREFORE, Choice respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative to Strike and grant such other and further relief as this Court deems just and proper.

Dated this the 6th day of January 2020.

---

[6] Plaintiff asserts her negligence claim receives an automatic six (6) year tolling due under O.C.G.A. § 9-3-99 as she was the victim of an alleged crime and her cause of action arises out of the facts and circumstances related to the commission of that alleged crime. However, this concept, and the very language of O.C.G.A. § 9-3-66, relies upon the assumption that Plaintiff will pursue a criminal investigation of the crime which underlines her claim. Accordingly, Plaintiff must choose to either (i) pursue a criminal investigation or criminal claim against the trafficker(s) and stay the current litigation under the terms of the TVRPA or (ii) continue this litigation and forego her reliance upon the tolling provision of O.C.G.A. § 9-3-99.

[7] In fact, Plaintiff alleged in the Amended Complaint at ¶ 31 (and reiterated in her Response at 21) that Westmont Hospitality, a stranger to Choice: "exerts complete control over WHG SU [franchisee], and SUB-SU who are agents of, and/or the alter-egos of, Westmont." Yet, Plaintiff also states "that Choice controlled the manner in which its franchisee executed its work." Response at 21. The franchisee cannot at the same time be controlled wholly by Westmont and controlled in any manner by Choice, as would be required to establish any form of liability for Choice as franchisor.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ *Janelle E. Alleyne*
JANELLE E. ALLEYNE
Georgia State Bar No. 716480
3414 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 577-6000 Telephone
(404) 221-6504 Facsimile
jalleyne@bakerdonelson.com

/s/ *Sara M. Turner*
SARA M. TURNER
*Admitted Pro Hac Vice*

CHRISTIE LYMAN DOWLING
Georgia Bar No. 228180
1400 Wells Fargo Tower
420 20th Street North
Birmingham, Alabama  35203-5202
(205) 328-0480 Telephone
(205) 322-8007 Facsimile
cdowling@bakerdonelson.com
smturner@bakerdonelson.com
***Attorneys for Defendant, Choice Hotels International, Inc.***

## CERTIFICATION PURSUANT TO LOCAL RULE 5.1B

This is to certify that this Pleading was created in Times New Roman 14-point font as approved by LR 5.1.

Dated:  January 6, 2020.

/s/ *Sara M. Turner*
SARA M. TURNER
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of January 2020, the foregoing DEFENDANT CHOICE HOTELS INTERNATIONAL, Reply to Plaintiff's Response to Choice Motion to Dismiss was filed with the Clerk of the Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all counsel of record.

/s/ *Sara M. Turner*
SARA M. TURNER
*Admitted Pro Hac Vice*


## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of January 2020, the foregoing DEFENDANT CHOICE HOTELS INTERNATIONAL, Reply to Plaintiff's Response to Choice Motion to Dismiss was filed with the Clerk of the Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all counsel of record.

/s/ *Sara M. Turner*
SARA M. TURNER
*Admitted Pro Hac Vice*