**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE 1, | CIVIL ACTION FILE |
| Plaintiff, | NO. 1:19-cv-03840-WMR |
| v. | JURY TRIAL DEMANDED |
| RED ROOF INNS, INC.,<br>FMW RRI, NC, LLC,<br>RED ROOF FRANCHISING, LLC,<br>RRI WEST MANAGEMENT, LLC,<br>VARAHI HOTEL, LLC,<br>WESTMONT HOSPITALITY GROUP, INC.,<br>RRI III, LLC,<br>HSI CHAMBLEE, LLC,<br>SUB-SU HOTEL GP, LLC,<br>WHG SU ATLANTA, LLC,<br>WHG SU ATLANTA, LP,<br>CC&S DEVELOPMENT, LLC,<br>ESSEX, LLC,[1] and<br>KUZZINS BUFORD, LLC,<br><br>Defendants. | |

**DEFENDANT ESSEX HOTEL MANAGEMENT'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF JANE DOE 1'S SECOND AMENDED COMPLAINT**

COMES NOW Essex Hotel Management ("Essex"), a newly-added

Defendant in the above-referenced matter, and hereby files its Answer and

---

[1] The correct name of this Defendant is Essex Hotel Management, LLC, f/k/a Essex Hotel Management, Inc.  See Answer at Paragraph 22.

Affirmative Defenses to Plaintiff Jane Doe 1's ("Plaintiff") Second Amended Complaint (Doc. 305), stating as follows:

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint does not plausibly allege facts sufficient to infer that Essex knew or should have known of alleged sex trafficking at the Microtel.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of acquiescence, waiver, unclean hands, estoppel, and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has settled or compromised any of her claims, such claims are barred by accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of assumption of risk.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred due to her own comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Essex did not breach any duty of care owed to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were the result of the conduct of persons or entities over whom Essex had no control or responsibility.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because there is no causal connection between any alleged act, error, or omission by Essex and the Plaintiff's alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff by ordinary care could have avoided the consequences to herself caused by the Defendants' alleged negligence.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged actions of unidentified "employees" of the Microtel, if true, were not within the scope of Essex's business, nor were they in furtherance of Essex's business.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint does not contain any well-pled allegations that Essex committed any predicate acts of racketeering activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because no act or omission of Essex proximately caused the alleged injuries or damages of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any of Plaintiff's damages, if any, were caused by superseding, intervening acts which were beyond Essex's knowledge or control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Essex acted in accordance with the applicable standard of care under the circumstances at all times relevant to Plaintiff's claims.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

Even if Plaintiff could state a claim for relief against Essex in this action, which Essex explicitly denies, Plaintiff cannot prove actual or punitive damages, and therefore can only recover nominal damages.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

Essex specifically reserves the right to withdraw any defense or raise any other affirmative defenses or additional claims which may be discovered once discovery in the action commences.

## **ANSWER TO THE SECOND AMENDED COMPLAINT**

Essex hereby responds to the individually numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

1.      The allegations of Paragraph 1 of the Second Amended Complaint are conclusory in nature, and Essex denies these allegations against the "Defendants" collectively to the extent they pertain to Essex. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1.

2.      The allegations of Paragraph 2 of the Second Amended Complaint are conclusory in nature, and Essex denies these allegations against the "Defendants" collectively to the extent they pertain to Essex. Otherwise, Essex is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2.

3.      The allegations of Paragraph 3 of the Second Amended Complaint are conclusory in nature, and Essex denies these allegations against the "Defendants" collectively to the extent they pertain to Essex. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3.

4.      The allegations of Paragraph 4 of the Second Amended Complaint are conclusory in nature, and Essex denies these allegations against the "Defendants" collectively to the extent they pertain to Essex. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.

5.      Paragraph 5 of the Second Amended Complaint does not contain any factual allegations to which a response is required, but to the extent any allegations in Paragraph 5 pertain to Essex and require a response, they are denied.

**THE PARTIES**

6.      Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Second Amended Complaint.

**Smyrna Red Roof**

7.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Second Amended Complaint.

8.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Second Amended Complaint.

9.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Second Amended Complaint.

10.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Second Amended Complaint.

11.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Second Amended Complaint.

12.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Second Amended Complaint.

13.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Second Amended Complaint.

**Atlanta Red Roof**

14.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Second Amended Complaint.

15.    Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Second Amended Complaint.

### Suburban Extended Stay

16.    Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Second Amended Complaint.

17.    Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Second Amended Complaint.

18.    Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Second Amended Complaint.

19.    Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Second Amended Complaint.

20.    Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Second Amended Complaint.

### Microtel

21.    Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Second Amended Complaint.

22.    Essex responds to Paragraph 22 of the Second Amended Complaint by stating that it has been misnamed as "Essex, LLC." The correct name is Essex Hotel Management, LLC, f/k/a Essex Hotel Management, Inc.  Essex denies the remaining

allegations of Paragraph 22 because Incorporating Services, Ltd resigned as registered agent in April 2019. Undersigned counsel for Essex waived service of summons on May 15, 2020.

23.     Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Second Amended Complaint.

24.     Paragraph 24 of the Second Amended Complaint does not contain any factual allegations to which a response is required, but rather states Plaintiff's nomenclature of a certain group of defendants. To the extent a response is required, Essex denies the allegations of Paragraph 24.

25.     Paragraph 25 of the Second Amended Complaint is conclusory in nature and does not contain any factual allegations to which a response is required, but to the extent any allegation against the "Defendants and Defendant groups" collectively pertains to Essex, it is denied. Essex also denies any allegation concerning the unnamed, unidentified "Defendant." Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25.

**JURISDICTION & VENUE**

26.     Essex admits that this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under

18 U.S.C. § 1595(a). Essex admits that this Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 only to the extent her claims under federal law remain pending.

27.     Essex admits the allegation of Paragraph 27 of the Second Amended Complaint as it pertains to Essex. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27.

28.     Essex admits that venue is proper in this district. Essex denies the remaining allegations Paragraph 28 of the Second Amended Complaint as they pertain to Essex. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28.

## FACTUAL ALLEGATIONS

## I.    THE SMYRNA RED ROOF

**Answer to Paragraphs 29 through 102:** The allegations of Paragraphs 29 through 102 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## II.   THE ATLANTA RED ROOF

**Answer to Paragraphs 103 through 131:** The allegations of Paragraphs 103 through 131 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## III.   THE SUBURBAN EXTENDED STAY

**Answer to Paragraphs 132 through 171:** The allegations of Paragraphs 132 through 171 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## IV.   THE MICROTEL INN & SUITES

### A.   The Sex Trafficking of Jane Doe 1 at the Microtel

172.   Paragraph 172 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 172, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

173.   Paragraph 173 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 173, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

174.   The allegations of the first sentence of Paragraph 174 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 174, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

175.   The allegations of the first two sentences of Paragraph 175 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

175, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

176.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 of the Second Amended Complaint, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

177.   To the extent Paragraph 177 of the Second Amended Complaint alleges that "a single sex trafficker, Quintavious Obie (a/k/a Swazie), completely controlled the third floor of the hotel," it is denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 177, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

178.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178 of the Second Amended Complaint, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

179.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179 of the Second Amended

Complaint, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

180.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180 of the Second Amended Complaint, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

181.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181 of the Second Amended Complaint in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

182.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182 of the Second Amended Complaint in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

183.   The allegations of the first sentence of Paragraph 183 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

183, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

184.   Some of the allegations of the first sentence of Paragraph 184 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 184, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

185.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of the Second Amended Complaint, therefore, they are denied.

186.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186 of the Second Amended Complaint, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

187.   Some of the allegations of the first sentence of Paragraph 187 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain

to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 187.

188.   Essex denies the allegations of Paragraph 188 of the Second Amended Complaint to the extent they pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 188, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

189.   The allegations of Paragraph 189 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 189, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

190.   The allegations of Paragraph 190 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are

denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 190.

191.   The allegations of Paragraph 191 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 191.

192.   The allegations of Paragraph 192 of the Second Amended Complaint are conclusory in nature and do not contain any factual allegations to which a response is required, but to the extent any allegations pertain to Essex, they are denied. Otherwise, Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 192.

**B.    The Microtel Defendants**

193.   Essex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193 of the Second Amended Complaint.

194.   Essex admits the allegations of Paragraph 194 of the Second Amended Complaint.

- 17 -

195.   Essex admits that it had a role in managing and operating the Microtel from before 2011 until early 2017, pursuant to its management agreement with Kuzzins.   Essex further states that the management agreement speaks for itself. Essex denies the remaining allegations of Paragraph 195 of the Second Amended Complaint to the extent they pertain to Essex.   Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 195, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

196.   Essex admits that it benefitted financially from the operation of the Microtel pursuant to its management agreement with Kuzzins. Essex further states that the management agreement speaks for itself. Essex denies the remaining allegations in the sentence of Paragraph 196 of the Second Amended Complaint to the extent they pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 196, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

### 1.      Owners of the Microtel

197.   Upon information and belief, Essex admits the first sentence of Paragraph 197 of the Second Amended Complaint. Essex is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 197.

### 2.    Managers of the Microtel

198.   Essex admits that it employed the staff at the Microtel and managed the Microtel at the direction of CC&S from before 2011 until early 2017, pursuant to its management agreement with Kuzzins.  Essex further states that the management agreement speaks for itself.

### 3.    The Microtel Defendants are Agents of CC&S

199.   Essex admits that it had a management agreement with Kuzzins.  Essex further states that the management agreement speaks for itself. Essex denies the remaining allegations of Paragraph 199 of the Second Amended Complaint.

200.   Essex admits that it had a management agreement with Kuzzins.  Essex further states that the management agreement speaks for itself. Essex denies the remaining allegations Paragraph 200 of the Second Amended Complaint to the extent they pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 200.

201.   Essex admits that it had a management agreement with Kuzzins.  Essex further states that the management agreement speaks for itself. Essex denies the remaining allegations of Paragraph 201 of the Second Amended Complaint to the

extent they pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 201, in part because the Microtel's books and records are in the possession, custody and control of the hotel owner, not Essex.

## COUNTS

### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act
### (Allegations Common to Counts I-II, V-VI, IX-X, XIII-XIV)

202.   Essex denies the allegations of Paragraph 202 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 202.

203.   Essex denies the allegations of Paragraph 203 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 203.

204.   Paragraph 204 of the Second Amended Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 204 can be read to contain allegations against Essex, they are denied.

205.   Paragraph 205 of the Second Amended Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 205 can be read to contain allegations against Essex, Essex denies same.

206.   Paragraph 206 of the Second Amended Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 206 can be read to contain allegations against Essex, Essex denies same.

207.   Essex denies the allegations of Paragraph 207 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 207.

208.   Essex denies the allegations of Paragraph 208 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 208.

209.   Essex denies the allegations of Paragraph 209 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 209.

210.   Essex denies the allegations of Paragraph 210 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 210.

211.   Essex denies the allegations of Paragraph 211 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 211.

212.   Essex denies the allegations of Paragraph 212 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 212.

213.   Essex denies the allegations of Paragraph 213 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 213.

214.   The second sentence of Paragraph 214 of the Second Amended Complaint sets forth a legal conclusion to which no response is required, but to the extent it can be read to apply to Essex, it is denied. Essex denies the remaining

allegations of Paragraph 214 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 214.

215.   Essex denies the allegations of Paragraph 215 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 215.

216.   The second sentence of Paragraph 216 of the Second Amended Complaint sets forth a legal conclusion to which no response is required, but to the extent it can be read to apply to Essex, it is denied. Essex denies the remaining allegations of Paragraph 216 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 216.

217.   Essex denies the allegations of Paragraph 217 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 217.

218.   The second sentence of Paragraph 218 of the Second Amended Complaint sets forth a legal conclusion to which no response is required, but to the

extent it can be read to apply to Essex, it is denied. Essex denies the remaining allegations of Paragraph 218 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 218.

219.   Essex denies the allegations of Paragraph 219 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 219.

220.   Essex denies the allegations of Paragraph 220 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 220.

221.   Essex denies the allegations of Paragraph 221 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 221.

222.   Essex denies the allegations of Paragraph 222 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 222.

223.   Essex denies the allegations of Paragraph 223 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 223.

224.   Essex denies the allegations of Paragraph 224 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 224.

225.   Essex denies the allegations of Paragraph 225 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 225.

226.   Essex denies the allegations of Paragraph 226 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 226.

**COUNT I**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(c)**
**(Against Smyrna Red Roof Defendants: Westmont, RRI, Varahi, FMW,**
**Red Roof Franchising, and RRI West)**

**Answer to Paragraphs 227 through 238:** The allegations of Paragraphs 227

through 238 of the Second Amended Complaint are not directed at Essex. Essex is

without knowledge or information sufficient to form a belief as to the truth of such

allegations and therefore denies same.

**COUNT II**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(a)**
**(Against Smyrna Red Roof Defendants: Westmont, RRI, Varahi, FMW,**
**Red Roof Franchising, and RRI West)**

**Answer to Paragraphs 239 through 246:** The allegations of Paragraphs 239

through 246 of the Second Amended Complaint are not directed at Essex. Essex is

without knowledge or information sufficient to form a belief as to the truth of such

allegations and therefore denies same.

**COUNT III**
**TVPRA, 18 U.S.C. § 1595**
**(Against Smyrna Red Roof Defendants: Westmont, RRI, Varahi,**
**FMW, Red Roof Franchising, and RRI West)**

**Answer to Paragraphs 247 through 275:** The allegations of Paragraphs 247

through 275 of the Second Amended Complaint are not directed at Essex. Essex is

without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**COUNT IV**
**Negligence**
**(Against Smyrna Red Roof Defendants: Westmont, RRI, Varahi,**
**FMW, Red Roof Franchising, and RRI West)**

**Answer to Paragraphs 276 through 291:** The allegations of Paragraphs 276 through 291 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**COUNT V**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(c)**
**(Against Atlanta Red Roof Defendants: Westmont, RRI, RRI III,**
**RRI West, and Red Roof Franchising)**

**Answer to Paragraphs 292 through 303:** The allegations of Paragraphs 292 through 303 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**COUNT VI**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(a)**
**(Against Atlanta Red Roof Defendants: Westmont, RRI, RRI III,**
**RRI West, and Red Roof Franchising)**

**Answer to Paragraphs 304 through 311:** The allegations of Paragraphs 304 through 311 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**COUNT VII**
**TVPRA, 18 U.S.C. § 1595**
**(Against Atlanta Red Roof Defendants: Westmont, RRI, RRI III,**
**RRI West, and Red Roof Franchising)**

**Answer to Paragraphs 312 through 330:** The allegations of Paragraphs 312 through 330 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**COUNT VIII**
**Negligence**
**(Against Atlanta Red Roof Defendants: Westmont, RRI, RRI III,**
**RRI West, and Red Roof Franchising)**

**Answer to Paragraphs 331 through 345:** The allegations of Paragraphs 331 through 345 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**COUNT IX**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(c)**
**(Against Suburban Extended Stay Defendants: HSI, Westmont, WHG**
**SU LP, WHG SU LLC, and SUB-SU)**

**Answer to Paragraphs 346 through 357:** The allegations of Paragraphs 346

through 357 of the Second Amended Complaint are not directed at Essex. Essex is

without knowledge or information sufficient to form a belief as to the truth of such

allegations and therefore denies same.

**COUNT X**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(a)**
**(Against Suburban Extended Stay Defendants: HSI, Westmont, WHG**
**SU LP, WHG SU LLC, and SUB-SU)**

**Answer to Paragraphs 358 through 365:** The allegations of Paragraphs 358

through 365 of the Second Amended Complaint are not directed at Essex. Essex is

without knowledge or information sufficient to form a belief as to the truth of such

allegations and therefore denies same.

**COUNT XI**
**TVPRA, 18 U.S.C. § 1595**
**(Against Suburban Extended Stay Defendants: HSI, Westmont, WHG**
**SU LP, WHG SU LLC, and SUB-SU)**

**Answer to Paragraphs 366 through 382:** The allegations of Paragraphs 366

through 382 of the Second Amended Complaint are not directed at Essex. Essex is

without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## COUNT XII
### Negligence
### (Against Suburban Extended Stay Defendants: HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)

**Answer to Paragraphs 383 through 397:** The allegations of Paragraphs 383 through 397 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## COUNT XIII
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
### (Against Microtel Defendants: Kuzzins, CC&S, and Essex)

398.   Essex repeats and incorporates by reference its responses to the allegations set forth in Parts IV.A-B. and Paragraphs 202-226 of the Second Amended Complaint above as if fully set forth herein.

399.   Essex denies the allegations of Paragraph 399 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 399.

400.   Essex denies the allegations of Paragraph 400 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 400.

401.   Essex denies the allegations of Paragraph 401 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 401.

402.   Essex denies the allegations of Paragraph 402 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 402.

403.   Essex denies the allegations of Paragraph 403 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 403.

404.   Essex denies the allegations of Paragraph 404 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 404.

405.   Essex denies the allegations of Paragraph 405 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 405.

406.   Essex denies the allegations of Paragraph 406 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 406.

407.   Essex denies the allegations of Paragraph 407 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 407.

408.   Essex denies the allegations of Paragraph 408 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 408.

409.   Essex denies the allegations of Paragraph 409 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 409.

**COUNT XIV**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(a)**
**(Against Microtel Defendants: Kuzzins, CC&S, and Essex)**

410.   Essex repeats and incorporates by reference its responses to the allegations set forth in Parts IV.A-B. and Paragraphs 202-226 of the Second Amended Complaint above as if fully set forth herein.

411.   Essex denies the allegations of Paragraph 411 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 411.

412.   Essex denies the allegations of Paragraph 412 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 412.

413.   Essex denies the allegations of Paragraph 413 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 413.

414.   Essex denies the allegations of Paragraph 414 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 414.

415.   Essex denies the allegations of Paragraph 415 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 415.

416.   Essex denies the allegations of Paragraph 416 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 416.

417.   Essex denies the allegations of Paragraph 417 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 417.

## COUNT XV
## TVPRA, 18 U.S.C. § 1595
## (Against Microtel Defendants: Kuzzins, CC&S, and Essex)

418.   Essex repeats and incorporates by reference its responses to the allegations of Parts IV.A-B. of the Second Amended Complaint above as if fully set forth herein.

419.   Essex denies the allegations of Paragraph 419 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 419.

420.   Essex denies the allegations of Paragraph 420 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 420.

421.   Essex denies the allegations of Paragraph 421 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 421.

422.   Essex denies the allegations of Paragraph 422 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 422.

423.   Essex denies the allegations of Paragraph 423 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 423.

424.   Essex denies the allegations of Paragraph 424 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 424.

425.   The allegations of Paragraph 425 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

426.   The allegations of Paragraph 426 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

427.   Essex admits that it had a management agreement with Kuzzins.  Essex further states that the management agreement speaks for itself.  Essex denies the remaining allegations of Paragraph 427 of the Second Amended Complaint.

428.   The allegations of Paragraph 428 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

429.   The allegations of Paragraph 429 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

430.   The allegations of Paragraph 430 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

431.   Essex admits that it had a management agreement with Kuzzins. Essex further states that the management agreement speaks for itself. Essex denies the remaining allegations of Paragraph 431 of the Second Amended Complaint.

432.   Essex denies the allegations of Paragraph 432 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 432.

433.   Essex denies the allegations of Paragraph 433 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 433.

434.   Essex denies the allegations of Paragraph 434 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 434.

## COUNT XVI
### Negligence
### (Against Microtel Defendants: Kuzzins, CC&S, and Essex)

435.   Essex repeats and incorporates by reference its responses to the allegations in Parts IV.A-B. of the Second Amended Complaint above as if fully set forth herein.

436.   Essex admits that it had a management agreement with Kuzzins. Essex further states that the management agreement speaks for itself. Essex denies the remaining allegations of Paragraph 436 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 436.

437.   Essex admits that it had a management agreement with Kuzzins. Essex further states that the management agreement speaks for itself. Essex denies the remaining allegations of Paragraph 437 of the Second Amended Complaint which

pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 437.

438.   Essex denies the allegations of Paragraph 438 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 438.

439.   Essex denies the allegations of Paragraph 439 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 439.

440.   The allegations of Paragraph 440 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

441.   The allegations of Paragraph 441 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

442.   Essex admits that it had a general duty to keep the premises safe for guests and invitees. Essex denies the remaining allegations of Paragraph 442 of the Second Amended Complaint, including those incorporated by reference.

443.   The allegations of Paragraph 443 of the Second Amended Complaint are not directed at Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

444.   Essex denies the allegations of Paragraph 444 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 444.

445.   Essex denies the allegations of Paragraph 445 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 445.

446.   Essex denies the allegations of Paragraph 446 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 446.

447.   Essex denies the allegations of Paragraph 447 of the Second Amended Complaint which pertain to Essex. Essex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 447.

Any allegation not otherwise responded to above is hereby denied.

## **JURY DEMAND**

Essex hereby demands a trial by jury on all triable claims.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Second Amended Complaint, Essex prays that all claims against it be dismissed, with all costs taxed to the Plaintiff, and for such other further relief as this Court deems just and proper.

Respectfully submitted, this 14th day of July, 2020.

*s/ Anthony L. Cochran*
Anthony L. Cochran
Georgia Bar No. 172425
Emily C. Ward
Georgia Bar No. 500999
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street, NE, Suite 3100
Atlanta, Georgia 30309
(404) 815-3500 (telephone)
(404) 815-3509 (facsimile)
acochran@sgrlaw.com
eward@sgrlaw.com

*Attorneys for Defendant*
*Essex Hotel Management*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020, I electronically filed the foregoing Defendant Essex Hotel Management's Answer and Affirmative Defenses to Plaintiff Jane Doe 1's Second Amended Complaint with the Clerk of Court using the CM/CF system, which will automatically send email notification of such filing to all counsel of record.

*s/ Anthony L. Cochran*
Anthony L. Cochran
Georgia Bar No. 172425
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street, NE, Suite 3100
Atlanta, Georgia 30309
(404) 815-3500 (telephone)
(404) 815-3509 (facsimile)
acochran@sgrlaw.com

*Attorneys for Defendant*
*Essex Hotel Management*