## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JANE DOE 1, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. |
| v. | * | 1:19-cv-03840-WMR |
| | * | |
| RED ROOF INNS, INC.; RED | * | JURY TRIAL DEMANDED |
| ROOF FRANCHISING, LLC; | * | |
| RRI III, LLC; RRI WEST | * | |
| MANAGEMENT, LLC; FMW | * | |
| RRI NC, LLC; SUB-SU HOTEL | * | |
| GP, LLC; WESTMONT | * | |
| HOSPITALITY GROUP, INC.; | * | |
| WHG SU ATLANTA LP; WHG | * | |
| SU ATLANTA, LLC; KUZZINS | * | |
| BUFORD, INC.; VARAHI | * | |
| HOTEL, LLC; CC&S | * | |
| DEVELOPMENT, LLC; ESSEX, | * | |
| LLC; and HSI CHAMBLEE, LLC, | * | |
| | | |
| Defendants. | | |

## DEFENDANT WHG SU ATLANTA, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW WHG SU Atlanta, LLC (hereinafter "Defendant" or "WHG"), a

Defendant in the above-captioned civil action, and without waiving any defenses as to

jurisdiction or venue, hereby files its Answer and Affirmative Defenses to Plaintiff's

Second Amended Complaint for Damages (hereinafter "SAC"), stating as follows:

## INTRODUCTION

### 1.

As to this Defendant, denied.

### 2.

WHG denies any sex trafficking occurred in its hotel.  In further responding, WHG does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 2 of the SAC.

### 3.

WHG denies any sex trafficking occurred in its hotel.  In further responding, WHG does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 3 of the SAC.

### 4.

WHG denies any sex trafficking occurred in its hotel.  In further responding, WHG does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 4 of the SAC.

### 5.

WHG denies it is liable to Plaintiff under Trafficking Victims Protection and Reauthorization Act, the Georgia Racketeer and Influence and Corrupt Organization Act, and for negligence.

4830-8453-6514.1                                     2

## THE PARTIES

### 6.

Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 6 of the SAC.

### Smyrna Red Roof

### 7. through 13.

The allegations contained in paragraphs 7 through 13 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 7 through 13 of the SAC.

### Atlanta Red Roof

### 14. through 15.

The allegations contained in paragraphs 14 through 15 of the SAC are not directed at WHG.  In further responding, WHG does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs14 through 15 of the SAC.

**Suburban Extended Stay**

16.

The allegations contained in paragraph 16 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 16 of the SAC.

17.

The allegations contained in paragraph 17 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 17 of the SAC.

18.

WHG denies the allegations contained in paragraph 18 of the SAC.

19.

The allegations contained in paragraph 19 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 19 of the SAC.

20.

Paragraph 20 of the SAC sets forth definitions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in paragraph 20 of the SAC.

## Microtel

21. through 25.

The allegations contained in paragraphs 21 through 25 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 21 through 25 of the SAC.

## JURISDICTION & VENUE

26.

Denied.

27.

Denied.

28.

Denied.

# FACTUAL ALLEGATIONS

## I.       THE SMYRNA RED ROOF

29. through 102.

The allegations contained in paragraphs 29 through 102 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 29 through 102 of the SAC.

## II.      THE ATLANTA RED ROOF

103. through 131.

The allegations contained in paragraphs 103 through 131 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 103 through 131 of the SAC.

## III.     THE SUBURBAN EXTENDED STAY

132. through 171.

As to this Defendant, denied.

## IV.   THE MICROTEL INN & SUITES

172. through 201.

The allegations contained in paragraphs 172 through 201 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 172 through 201 of the SAC.

## COUNTS

### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act
### (Allegations Common to Counts I-II, V-VI, IX-X, XIII-XIV)

202.

As to this Defendant, denied.

### A.   Acts of Racketeering Activity

i.   <u>Sex Trafficking in Violation of Federal Law</u>

203.

As to this Defendant, denied.

ii.   <u>Sex Trafficking in Violation of State Law</u>

204.

Paragraph 204 of the SAC sets forth a legal conclusion to which no response is required.

205.

Paragraph 205 of the SAC sets forth a legal conclusion to which no response is required.

206.

Paragraph 206 of the SAC sets forth a legal conclusion to which no response is required.

207. through 209.

As to this Defendant, denied.

210.

As to this Defendant, denied, including subparagraphs (a) through (d).

211.

As to this Defendant, denied.

iii.    False Imprisonment

212.

As to this Defendant, denied.

213.

As to this Defendant, denied, including subparagraphs (a) through (d).

iv.     <u>Battery</u>

214.

As to this Defendant, denied.

v.     <u>Keeping a Place of Prostitution</u>

215.

This Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 215 of the SAC.

216.

As to this Defendant, denied.

217.

As to this Defendant, denied, including subparagraphs (a) through (d).

vi.     <u>Pimping</u>

218.

As to this Defendant, denied.

**B.     The Acts of Racketeering Activity Formed a Pattern**

219. through 226.

Paragraphs 219 through 226 of the SAC are denied as to this Defendant.

## COUNT I
**Violations of the Georgia Racketeer Influenced and Corrupt
Organizations Act O.C.G.A. § 16-14-4(c)
(Against Smyrna Red Roof Defendants:
Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)**

227. through 238.

The allegations contained in paragraphs 227 through 238 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 227 through 238 of the SAC.

## COUNT II
**Violations of the Georgia Racketeer Influenced and Corrupt
Organizations Act O.C.G.A. § 16-14-4(a)
(Against Smyrna Red Roof Defendants:
Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)**

239. through 246.

The allegations contained in paragraphs 239 through 246 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 239 through 246 of the SAC.

**COUNT III**
**TVPRA, 18 U.S.C. § 1595**
**(Against Smyrna Red Roof Defendants:**
**Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)**

247. through 275.

The allegations contained in paragraphs 247 through 275 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 247 through 275.

**COUNT IV**
**Negligence**
**(Against the Smyrna Red Roof Defendants:**
**Westmont, RRI, FMW, Red Roof Franchising and RRI West)**

276. through 291.

The allegations contained in paragraphs 276 through 291 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 276 through 291 of the SAC.

## COUNT V
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
### (Against Atlanta Red Roof Defendants:
### Westmont, RRI, RRI III, RRI West and Red Roof Franchising)

292. through 303.

The allegations contained in paragraphs 293 through 303 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 293 through 303 of the SAC.

## COUNT VI
### Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(a)
### (Against Atlanta Red Roof Defendants:
### Westmont, RRI, RRI III, RRI West and Red Roof Franchising)

304. through 311.

The allegations contained in paragraphs 304 through 311 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 304 through 311 of the SAC.

**COUNT VII**
**TVPRA, 18 U.S.C. § 1595**
**(Against Atlanta Red Roof Defendants:**
**Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)**

312. through 330.

The allegations contained in paragraphs 312 through 330 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 312 through 330 of the SAC.

**COUNT VIII**
**Negligence**
**(Against Atlanta Red Roof Defendants:**
**Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)**

331. through 345.

The allegations contained in paragraphs 331 through 345 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 331 through 345 of the SAC.

**COUNT IX**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(c)**
**(Against Suburban Extended Stay Defendants:**
**HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)**

346.

This Defendant realleges and incorporates by reference Parts III.A.-B. and

paragraphs 1 through 345 as if expressly stated herein.

347. through 357.

As to this Defendant, denied.

**COUNT X**
**Georgia Racketeer Influenced and Corrupt Organizations Act**
**O.C.G.A. § 16-14-4(a)**
**(Against Suburban Extended Stay Defendants:**
**HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)**

358.

This Defendant realleges and incorporates by reference Parts III.A.-B. and

paragraphs 1 through 357 as if expressly stated herein.

359. through 365.

As to this Defendant, denied.

## COUNT XI
## TVPRA, 18 U.S.C. § 1595
## (Against Suburban Extended Stay Defendants:
## HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)

366.

This Defendant realleges and incorporates by reference Parts III.A.-B. and paragraphs 1 through 365 as if expressly stated herein.

367. through 382.

As to this Defendant, denied.

## COUNT XII
## Negligence
## (Against Suburban Extended Stay Defendants:
## HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)

383.

This Defendant realleges and incorporates by reference Parts III.A.-B. and paragraphs 1 through 382 as if expressly stated herein.

384. through 397.

As to this Defendant, denied.

## COUNT XIII
## Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
## (Against Microtel Defendants:  Kuzzins, CC&S, and Essex)

398. through 409.

The allegations contained in paragraphs 398 through 409 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 398 through 409 of the SAC.

## COUNT XIV
## Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(a)
## (Against Microtel Defendants:  Kuzzins, CC&S, and Essex)

410. through 417.

The allegations contained in paragraphs 410 through 417 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 410 through 417 of the SAC.

## COUNT XV
## TVPRA, 18 U.S.C. § 1595
## (Against Microtel Defendants:  Kuzzins, CC&S and Essex)

418. through 447.

The allegations contained in paragraphs 418 through 447 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 418 through 447 of the SAC.

All allegations not expressly admitted or otherwise addressed herein are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the fact that no act or omission by this Defendant has caused the Plaintiff's alleged damages.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred on the grounds of acquiescence, waiver, estoppel, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

The losses, if any, sustained by the Plaintiff were the result of conduct of persons or entities over whom this Defendant has no control or responsibility, and for whose conduct this Defendant is thus not liable.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against this Defendant are barred because there is no causal connection between any alleged act, error, or omission by this Defendant and the Plaintiff's alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant hereby gives notice that it intends to rely upon such other defenses as may become apparent during the course of discovery and thus expressly reserves the right to amend this Answer to assert such defenses.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries or damages complained of was caused in whole or in part by the negligence of the Plaintiff and that such negligence equaled or exceeded any negligence on the part of this Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff willingly, knowingly and voluntarily exposed herself to and assumed the risk and therefore, Plaintiff's recovery is barred.

## TENTH AFFIRMATIVE DEFENSE

If it is judicially determined that this Defendant was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the damages claimed.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has released, settled, entered into accord and satisfaction or otherwise compromised her claims herein and, accordingly, said claims are barred by the operation of law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by a superseding, intervening act, which was beyond the knowledge or control of this Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part because of her own comparative negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant at all times relevant hereto acted in accordance with the applicable standard of care under the circumstances.

## JURY DEMAND

Defendant hereby demands a trial by jury to the fullest extent permitted by law on all triable issues.

## PRAYER FOR RELIEF

Responding to the WHEREFORE paragraph, Defendant denies the allegations in this Paragraph cast against it.

**WHEREFORE**, having fully answered Plaintiff's Second Amended Complaint for Damages, this Defendant respectfully prays for the following relief from this Honorable Court:

1.  That Plaintiff's claims be denied and Plaintiff's Second Amended Complaint be dismissed with prejudice;

2.  That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3.  That the case be tried before a jury of twelve (12) persons; and

4.     For such other and further relief as this Honorable Court deems just and

proper.

Respectfully submitted this 20th day of July, 2020.

 

 

*/s/ Adi Allushi*_____

CHARLES K. REED

Georgia Bar No. 597597

P. MICHAEL FREED

Georgia Bar No. 061128

ADI ALLUSHI

Georgia Bar No. 852810

LEWIS BRISBOIS BISGAARD
  & SMITH LLP
1180 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30309
(404) 348-8585
(404) 467-8845 Facsimile
Chuck.Reed@lewisbrisbois.com
Michael.Freed@lewisbrisbois.com
Adi.Allushi@lewisbrisbois.com

*Attorneys for Defendants Red Roof
Inns, Inc.; Red Roof Franchising, LLC;
RRI III, LLC; RRI West Management
LLC; RRI West Management, LLC;
FMW RRI NC, LLC; SUB-SU Hotel
GP, LLC; Westmont Hospitality Group,
Inc.; WHG SU Atlanta LP; and WHG
SU Atlanta, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that this document was prepared in Times New Roman, 14-point font pursuant to LR 5.1(c), NDGa.


/s/ Adi Allushi
CHARLES K. REED
Georgia Bar No. 597597
P. MICHAEL FREED
Georgia Bar No. 061128
ADI ALLUSHI
Georgia Bar No. 852810

LEWIS BRISBOIS BISGAARD
   & SMITH LLP
1180 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30309
(404) 348-8585
(404) 467-8845 Facsimile
Chuck.Reed@lewisbrisbois.com
Michael.Freed@lewisbrisbois.com
Adi.Allushi@lewisbrisbois.com

*Attorneys for Defendants Red Roof Inns, Inc.; Red Roof Franchising, LLC; RRI III, LLC; RRI West Management LLC; RRI West Management, LLC; FMW RRI NC, LLC; SUB-SU Hotel GP, LLC; Westmont Hospitality Group, Inc.; WHG SU Atlanta LP; and WHG SU Atlanta, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 20th day of July, 2020 filed the within and

foregoing ***WHG SU Atlanta LLC's Answer and Affirmative Defenses to Plaintiff's***

***Second Amended Complaint for Damages*** via CM/ECF, which automatically sends

an electronic copy to all counsel of records as follows:

John E. Floyd
Manoj S. Varghese
Tiana S. Mykkeltvedt
Amanda Kay Seals
Michael R. Baumrind
BONDURANT, MIXSON & ELMORE,
LLP
1201 West Peachtree Street NW,
Suite 3900
Atlanta, GA 30309
floyd@bmelaw.com
varghese@bmelaw.com
mykkeltvedt@bmelaw.com
seals@bmelaw.com
baumrind@bmelaw.com
reed@bmelaw.com
richardson@bmelaw.com
*Attorneys for Plaintiff Jane Doe 1*

Jonathan S. Tonge
Patrick J. McDonough
Trinity Hundredmark
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com
thundred@atclawfirm.com
bwebb@atclawfirm.com
*Attorneys for Plaintiff Jane Doe 1*

Joseph Robb Cruser
Kristin L. Yoder
Glenn C. Tornillo
CRUSER MITCHELL LAW FIRM
Merician II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
rcruser@cmlawfirm.com
kyoder@cmlawfirm.com
gtornillo@cmlawfirm.com
*Attorneys for Defendants*
*Kuzzins Buford, Inc.*
*CC&S Development, LLC*

Warner S. Fox
Christopher Shane Keith
Elliot Crawford Ream
HAWKINS PARNELL & YOUNG, LLP
303 Peachtree Street NE, Suite 4000
Atlanta, GA  30308-3243
wfox@hpylaw.com
skeith@hpylaw.com
eream@hptylaw.com
*Attorneys for Defendant*
*Varahi Hotel, LLC*

Anthony Cochran
Emily C. Ward
Smith, Gambrell & Russell, LLP
1230 Peachtree St. NE
Promenade, Suite 3100
Atlanta, GA  30309-3592
acochran@sgrlaw.com
eward@sgrlaw.com
*Attorneys for Essex Hotel*
*Management, LLC (misnamed as*
*Essex, LLC)*

Pamela Newsom Lee
Rachel Wilson Mathews
Sabrina L. Atkins
SWIFT, CURRIE, MCGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree St., N.E.
Atlanta, GA  30309-3231
pamela.lee@swiftcurrie.com
rachel.mathews@swiftcurrie.com
Sabrina.atkins@swiftcurrie.com
*Attorneys for HSI Chamblee, LLC*


*( signature on the following page)*

/s/ Adi Allushi
ADI ALLUSHI
Georgia Bar No. 852810

*Attorneys for Defendants Red Roof
Inns, Inc.; Red Roof Franchising, LLC;
RRI III, LLC; RRI West Management
LLC; RRI West Management, LLC;
FMW RRI NC, LLC; SUB-SU Hotel
GP, LLC; Westmont Hospitality Group,
Inc.; WHG SU Atlanta LP; and WHG
SU Atlanta, LLC*

LEWIS BRISBOIS BISGAARD
   & SMITH LLP
1180 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30309
(404) 348-8585
(404) 467-8845 Facsimile
Chuck.Reed@lewisbrisbois.com
Michael.Freed@lewisbrisbois.com
Adi.Allushi@lewisbrisbois.com