## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JANE DOE 1,                             *
                                        *
        Plaintiff,                      *           Civil Action No.
v.                                      *           1:19-cv-03840-WMR
                                        *
RED ROOF INNS, INC.; RED                *           JURY TRIAL DEMANDED
ROOF FRANCHISING, LLC; RRI              *
III, LLC; RRI WEST                      *
MANAGEMENT, LLC; FMW RRI                *
NC, LLC; SUB-SU HOTEL GP,               *
LLC; WESTMONT HOSPITALITY               *
GROUP, INC.; WHG SU                     *
ATLANTA LP; WHG SU                      *
ATLANTA, LLC; KUZZINS                   *
BUFORD, INC.; VARAHI HOTEL,             *
LLC; CC&S DEVELOPMENT,                  *
LLC; ESSEX, LLC; and HSI                *
CHAMBLEE, LLC,

        Defendants.

### DEFENDANT RED ROOF FRANCHISING LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW Red Roof Franchising, LLC (hereinafter "Defendant"), a

Defendant in the above-captioned civil action, and without waiving any defenses as to

jurisdiction or venue, hereby files its Answer and Affirmative Defenses to Plaintiff's

Second Amended Complaint (hereinafter "SAC") for Damages, stating as follows:

1.

As to this Defendant, denied.

2.

This Defendant denies any sex trafficking occurred during the time it was franchisor of any of the hotels that are the subject of this lawsuit.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 2 of the SAC.

3.

This Defendant denies any sex trafficking occurred during the time it was franchisor of any of the hotels that are the subject of this lawsuit.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 3 of the SAC.

4.

This Defendant denies any sex trafficking occurred during the time it was franchisor of any of the hotels that are the subject of this lawsuit.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 4 of the SAC.

5.

This Defendant denies it is liable to Plaintiff under the Trafficking Victims Protection and Reauthorization Act, the Georgia Racketeer and Influenced and Corrupt Organization Act, and for negligence.

## THE PARTIES

### 6.

Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 6 of the SAC.

### Smyrna Red Roof

### 7.

The allegations contained in paragraph 7 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 7 of the SAC.

### 8.

Defendant admits the allegations contained in paragraph 8 of the SAC.

### 9.

The allegations contained in paragraph 9 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 9 of the SAC.

### 10.

The allegations contained in paragraph 10 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or

information to either admit or deny the allegations contained in paragraph 10 of the SAC.

11.

The allegations contained in paragraph 11 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 11 of the SAC.

12.

The allegations contained in paragraph 12 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 12 of the SAC.

13.

Paragraph 13 of the SAC sets forth definitions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in paragraph 13 of the SAC.

**Atlanta Red Roof**

14.

The allegations contained in paragraph 14 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or

information to either admit or deny the allegations contained in paragraph 14 of the SAC.

15.

Paragraph 15 of the SAC sets forth definitions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in paragraph 15 of the SAC.

**Suburban Extended Stay**

16. through 19.

The allegations contained in paragraphs 16 through 19 of the SAC are not directed at this Defendant. In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 16 through 19 of the SAC.

20.

Paragraph 20 of the SAC sets forth definitions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in paragraph 20 of the SAC.

**Microtel**

21. through 23.

The allegations contained in paragraphs 21 through 23 of the SAC are not directed at this Defendant. In further responding, Defendant does not have sufficient

knowledge or information to either admit or deny the allegations contained in paragraphs 21 through 23 of the SAC.

24.

Paragraph 24 of the SAC sets forth definitions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in paragraph 24 of the SAC.

25.

Paragraph 25 of the SAC sets forth definitions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in paragraph 25 of the SAC.

## JURISDICTION & VENUE

26.

Denied.

27.

Denied.

28.

Denied.

## FACTUAL ALLEGATIONS

I.   **THE SMYRNA RED ROOF**

    A.   **The Trafficking of Jane Doe 1 at the Smyrna Red Roof.**

29. through 42.

This Defendant denies any sex trafficking occurred during the time it was franchisor of any of the hotels that are the subject of this lawsuit.  Defendant denies any remaining allegations contained in paragraphs 29 through 42 of the SAC.

43. through 47.

This Defendant denies any sex trafficking occurred during the time it was franchisor of any of the hotels that are the subject of this lawsuit.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraphs 43 through 47 of the SAC.

48. through 59.

Denied.

60. through 63.

This Defendant denies any sex trafficking occurred during the time it was franchisor of any of the hotels that are the subject of this lawsuit.  In further responding, Defendant does not have sufficient knowledge or information to either

admit or deny the remaining allegations contained in paragraphs 60 through 63 of the SAC.

64. through 75.

Denied.

## B.    The Smyrna Red Roof Defendants

76.

Defendant admits that it was the franchisor of Smyrna Red Roof starting approximately in December 2012.  In further responding, Defendant denies the remaining allegations contained in paragraph 76 of the SAC.

77.

As to this Defendant, denied.

### 1.    The Corporate Relationship between Westmont and Red Roof Inns, Inc.

78. through 88.

As to this Defendant, denied.

### 2.    Owners and Franchisees of the Smyrna Red Roof

89. through 91.

As to this Defendant, denied.

### 3.    Managers of the Red Roof

92. through 99.

The allegations contained in paragraphs 92 through 99 of the SAC are not directed at this Defendant.  In further response, Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraphs 92 through 99 of the SAC.

### 4.     The Smyrna Red Roof Franchisor

100. through 102.

As to this Defendant, denied.

## II.     THE ATLANTA RED ROOF

### A.     The Sex Trafficking of Jane Doe 1 at the Atlanta Red Roof

103. through 105.

This Defendant denies any sex trafficking occurred during the time it was franchisor of any of the hotels that are the subject of this lawsuit.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraphs 103 through 105 of the SAC.

106. through 113.

Denied.

114.

This Defendant denies any sex trafficking occurred during the time it was franchisor of any of the hotels that are the subject of this lawsuit.  In further

responding, this Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraphs 114 of the SAC.

115. through 119.

As to this Defendant, denied.

## B.     The Atlanta Red Roof Defendants

120.

Denied.

121.

Denied.

### 1.     The Corporate Relationship between Westmont and Red Roof Inns, Inc.

122. through 124.

Denied.

### 2.     Owners of the Atlanta Red Roof.

122. through 124.

The allegations contained in paragraphs 122 through 124 of the SAC are not directed at this Defendant.  In further response, Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraphs 122 through 124 of the SAC.

### 3. Managers of the Atlanta Red Roof.

125. through 130.

The allegations contained in paragraphs 125 through 130 of the SAC are not directed at this Defendant.  In further response, Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraphs 125 through 130 of the SAC.

### 4. Franchisor of the Atlanta Red Roof.

131.

Denied.

## III.   THE SUBURBAN EXTENDED STAY

132. through 171.

The allegations contained in paragraphs 132 through 171 of the SAC are not directed at Defendant.  In further response, Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraphs 132 through 171 of the SAC.

## IV.   THE MICROTEL INN & SUITES

172. through 201.

The allegations contained in paragraphs 172 through 201 of the SAC are not directed at Defendant.  In further response, Defendant does not have sufficient

knowledge or information to either admit or deny the remaining allegations contained in paragraphs 172 through 201 of the SAC.

**COUNTS**

**Violations of the Georgia Racketeer Influenced
and Corrupt Organizations Act
(Allegations Common to Counts I-II, V-VI, IX-X, -XIII-XIV, XVII-XVIII)**

202.

As to this Defendant, denied.

**A.    Acts of Racketeering Activity**

i.    <u>Sex Trafficking in Violation of Federal Law</u>

203.

As to this Defendant, denied.

ii.    <u>Sex Trafficking in Violation of State Law</u>

204.

Paragraph 204 of the SAC sets forth a legal conclusion to which no response is required.

205.

Paragraph 205 of the SAC sets forth a legal conclusion to which no response is required.

206.

Paragraph 206 of the SAC sets forth a legal conclusion to which no response is required.

207.

As to this Defendant, denied.

208.

As to this Defendant, denied.

209.

As to this Defendant, denied.

210.

As to this Defendant, denied, including subparagraphs (a) through (d).

211.

As to this Defendant, denied.

     iii.   <u>False Imprisonment</u>

212.

As to this Defendant, denied.

213.

As to this Defendant, denied, including subparagraphs (a) through (d).

    iv.    <u>Battery</u>

214.

As to this Defendant, denied.

    v.    <u>Keeping a Place of Prostitution</u>

215.

This Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraph 215 of the SAC.

216.

As to this Defendant, denied.

217.

As to this Defendant, denied, including subparagraphs (a) through (d).

    vi.    <u>Pimping</u>

218.

As to this Defendant, denied.

**B.**    **The Acts of Racketeering Activity Formed a Pattern**

219. through 226.

Paragraphs 218 through 226 of the SAC are denied as to this Defendant.

## COUNT I
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
### (Against Smyrna Red Roof Defendants:
### Westmont, RRI, RMW, Red Roof Franchising, and RRI West)

227.

This Defendant realleges and incorporates by reference paragraphs 1 through 226 as if expressly stated herein.

228. through 238.

As to this Defendant, denied.

## COUNT II
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(a)
### (Against Smyrna Red Roof Defendants:
### Westmont, RRI, FMW, Red Roof Franchising, and RRI West)

239.

This Defendant realleges and incorporates by reference paragraphs 1 through 238 as if expressly stated herein.

240. through 246.

As to this Defendant, denied.

**COUNT III**
**TVPRA, 18 U.S.C. § 1595**
**(Against Smyrna Red Roof Defendants:**
**Westmont, RRI, FMW, Red Roof Franchising, and RRI West)**

247.

This Defendant realleges and incorporates by reference paragraphs 1 through
246 as if expressly stated herein.

248. through 275.

As to this Defendant, denied.

**COUNT IV**
**Negligence**
**(Against the Smyrna Red Roof Defendants:**
**Westmont, RRI, FMW, Red Roof Franchising and RRI West)**

276.

This Defendant realleges and incorporates by reference Parts I.A-B and
paragraphs 1 through 275 above as if expressly stated herein.

277. through 291.

As to this Defendant, denied.

**COUNT V**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(c)**
**(Against Atlanta Red Roof Defendants:**
**Westmont, RRI, RRI III, RRI West and Red Roof Franchising)**

292.

This Defendant realleges and incorporates by reference Parts II.A-B and
paragraphs 1 through 291 as if expressly stated herein.

293. through 303.

As to this Defendant, denied.

## COUNT VI
## Georgia Racketeer Influenced and Corrupt
## Organizations Act O.C.G.A. § 16-14-4(a)
## (Against Atlanta Red Roof Defendants:
## Westmont, RRI, RRI III, RRI West and Red Roof Franchising)

304.

This Defendant realleges and incorporates by reference Parts II.A-B and paragraphs 1 through 303 as if expressly stated herein.

305. through 311.

As to this Defendant, denied.

## COUNT VII
## TVPRA, 18 U.S.C. § 1595
## (Against Atlanta Red Roof Defendants:
## Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)

312.

This Defendant realleges and incorporates by reference paragraphs 1 through 311 as if expressly stated herein.

313. through 330.

As to this Defendant, denied.

**COUNT VIII**
**Negligence**
**(Against Atlanta Red Roof Defendants:**
**Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)**

331.

This Defendant realleges and incorporates by reference paragraphs 1 through 330 as if expressly stated herein.

332. through 345.

As to this Defendant, denied.

**COUNT IX**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(c)**
**(Against Suburban Extended Stay Defendants:**
**HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)**

346.

This Defendant realleges and incorporates by reference paragraphs 1 through 345 as if expressly stated herein.

346. through 357.

The allegations contained in paragraphs 346 through 357 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 346 through 357 of the SAC.

## COUNT X
## Georgia Racketeer Influenced and Corrupt Organizations Act
## O.C.G.A. § 16-14-4(a)
## (Against Suburban Extended Stay Defendants:
## HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)

358.

This Defendant realleges and incorporates by reference paragraphs 1 through 357 as if expressly stated herein.

359. through 365.

The allegations contained in paragraphs 359 through 365 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 359 through 365 of the SAC.

## COUNT XI
## TVPRA, 18 U.S.C. § 1595
## (Against Suburban Extended Stay Defendants:
## HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)

366.

This Defendant realleges and incorporates by reference paragraphs 1 through 365 as if expressly stated herein.

367. through 382.

The allegations contained in paragraphs 367 through 382 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient

knowledge or information to either admit or deny the allegations contained in paragraphs 367 through 382 of the SAC.

### COUNT XII
### Negligence
### (Against Suburban Extended Stay Defendants:
### HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)

383.

This Defendant realleges and incorporates by reference paragraphs 1 through 382 as if expressly stated herein.

384. through 397.

The allegations contained in paragraphs 384 through 397 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 384 through 397 of the SAC.

### COUNT XIII
### Violations of the Georgia Racketeer Influenced and Corrupt
### Organizations Act O.C.G.A. § 16-14-4(c)
### (Against Microtel Defendants:  Kuzzins, CC&S, and Essex)

398.

This Defendant realleges and incorporates by reference paragraphs 1 through 397 as if expressly stated herein.

399. through 409.

The allegations contained in paragraphs 399 through 409 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 399 through 409 of the SAC.

## COUNT XIV
## Georgia Racketeer Influenced and Corrupt Organizations Act
## O.C.G.A. § 16-14-4(a)
## (Against Microtel Defendants:  Kuzzins, CC&S, and Essex)

410.

This Defendant realleges and incorporates by reference paragraphs 1 through 409 as if expressly stated herein.

411. through 417.

The allegations contained in paragraphs 411 through 417 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 411 through 417 of the SAC.

## COUNT XV
## TVPRA, 18 U.S.C. § 1595
## (Against Microtel Defendants:  Kuzzins, CC&S and Essex)

418.

This Defendant realleges and incorporates by reference paragraphs 1 through 417 as if expressly stated herein.

419. through 434.

The allegations contained in paragraphs 419 through 434 of the SAC are not directed at this Defendant.  In further responding, Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 419 through 434 of the SAC.

## COUNT XVI
## Negligence
## (Against Microtel Defendants:  Kuzzins, CC&S and Essex)

435.

This Defendant realleges and incorporates by reference paragraphs 1 through 434 as if expressly stated herein.

436. through 447.

The allegations contained in paragraphs 436 through 447 of the SAC are not directed at this Defendant.  In further responding, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 436 through 447 of the SAC.

All allegations not expressly admitted or otherwise addressed herein are hereby denied.

## <u>AFFIRMATIVE DEFENSES</u>

### <u>FIRST AFFIRMATIVE DEFENSE</u>

The Plaintiff has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the fact that no act or omission by this Defendant has caused the Plaintiff's alleged damages.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred on the grounds of acquiescence, waiver, estoppel, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

The losses, if any, sustained by the Plaintiff were the result of conduct of persons or entities over whom this Defendant has no control or responsibility, and for whose conduct this Defendant is thus not liable.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against this Defendant are barred because there is no causal connection between any alleged act, error, or omission by this Defendant and the Plaintiff's alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant hereby gives notice that it intends to rely upon such other defenses as may become apparent during the course of discovery and thus expressly reserves the right to amend this Answer to assert such defenses.

## EIGHTH AFFIRMATIVE DEFENSE

The injuries or damages complained of was caused in whole or in part by the negligence of the Plaintiff and that such negligence equaled or exceeded any negligence on the part of this Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff willingly, knowingly and voluntarily exposed herself to and assumed the risk and therefore, Plaintiff's recovery is barred.

## TENTH AFFIRMATIVE DEFENSE

If it is judicially determined that this Defendant was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the damages claimed.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has released, settled, entered into accord and satisfaction or otherwise compromised her claims herein and, accordingly, said claims are barred by the operation of law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by a superseding, intervening act, which was beyond the knowledge or control of this Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part because of her own comparative negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant at all times relevant hereto acted in accordance with the applicable standard of care under the circumstances.

## JURY DEMAND

This Defendant hereby demands a trial by jury to the fullest extent permitted by law on all triable issues.

## PRAYER FOR RELIEF

Responding to the WHEREFORE paragraph, Defendant denies the allegations in this Paragraph cast against it.

**WHEREFORE**, having fully answered Plaintiff's Second Amended Complaint for Damages, this Defendant respectfully prays for the following relief from this Honorable Court:

1. That Plaintiff's claims be denied and Plaintiff's Second Amended Complaint be dismissed with prejudice;

2.     That all costs, attorney's fees, and expenses of this action be taxed

against Plaintiff;

3.     That the case be tried before a jury of twelve (12) persons; and

4.     For such other and further relief as this Honorable Court deems just and

proper.

Respectfully submitted this 20th day of July, 2020.


                                        /s/ Adi Allushi
                                        CHARLES K. REED
                                        Georgia Bar No. 597597
                                        P. MICHAEL FREED
                                        Georgia Bar No. 061128
                                        ADI ALLUSHI
                                        Georgia Bar No. 852810

                                        *Attorneys for Defendants*
                                        *Red Roof Inns, Inc.;*
LEWIS BRISBOIS BISGAARD                  *Red Roof Franchising, LLC*
   & SMITH LLP                           *RRI III, LLC;*
1180 Peachtree Street NE                 *RRI West Management LLC*
Suite 2900                               *RRI West Management, LLC;*
Atlanta, Georgia 30309                   *FMW RRI NC, LLC;*
(404) 348-8585                           *SUB-SU Hotel GP, LLC;*
(404) 467-8845 Facsimile                 *Westmont Hospitality Group, Inc.;*
Chuck.Reed@lewisbrisbois.com             *WHG SU Atlanta LP; and*
Michael.Freed@lewisbrisbois.com          *WHG SU Atlanta, LLC*
Adi.Allushi@lewisbrisbois.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that this document was prepared in Times New Roman, 14-point font pursuant to LR 5.1(c), NDGa.

Respectfully submitted this 20th day of July, 2020.

/s/ Adi Allushi
CHARLES K. REED
Georgia Bar No. 597597
P. MICHAEL FREED
Georgia Bar No. 061128
ADI ALLUSHI
Georgia Bar No. 852810

*Attorneys for Defendants*
*Red Roof Inns, Inc.;*
*Red Roof Franchising, LLC*
*RRI III, LLC;*
*RRI West Management LLC*
*RRI West Management, LLC;*
*FMW RRI NC, LLC;*
*SUB-SU Hotel GP, LLC;*
*Westmont Hospitality Group, Inc.;*
*WHG SU Atlanta LP; and*
*WHG SU Atlanta, LLC*

LEWIS BRISBOIS BISGAARD
   & SMITH LLP
1180 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30309
(404) 348-8585
(404) 467-8845 Facsimile
Chuck.Reed@lewisbrisbois.com
Michael.Freed@lewisbrisbois.com
Adi.Allushi@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 20th day of July, 2020 filed the within and foregoing *Red Roof Franchising, LLC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for Damages* via CM/ECF, which automatically sends an electronic copy to all counsel of records as follows:

John E. Floyd
Manoj S. Varghese
Tiana S. Mykkeltvedt
Amanda Kay Seals
Michael R. Baumrind
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW, Suite 3900
Atlanta, GA  30309
floyd@bmelaw.com
varghese@bmelaw.com
mykkeltvedt@bmelaw.com
seals@bmelaw.com
baumrind@bmelaw.com
reed@bmelaw.com
richardson@bmelaw.com
*Attorneys for Plaintiff Jane Doe 1*

Jonathan S. Tonge
Patrick J. McDonough
Trinity Hundredmark
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA  30097
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com
thundred@atclawfirm.com
bwebb@atclawfirm.com
*Attorneys for Plaintiff Jane Doe 1*

Joseph Robb Cruser
Kristin L. Yoder
Glenn C. Tornillo
CRUSER MITCHELL LAW FIRM
Merician II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
rcruser@cmlawfirm.com
kyoder@cmlawfirm.com
gtornillo@cmlawfirm.com
*Attorneys for Defendants*
*Kuzzins Buford, Inc.*
*CC&S Development, LLC*

Warner S. Fox
Christopher Shane Keith
Elliot Crawford Ream
HAWKINS PARNELL & YOUNG, LLP
303 Peachtree Street NE, Suite 4000
Atlanta, GA  30308-3243
wfox@hpylaw.com
skeith@hpylaw.com
eream@hptylaw.com
*Attorneys for Defendant*
*Varahi Hotel, LLC*

Anthony Cochran                                    acochran@sgrlaw.com
Emily C. Ward                                      eward@sgrlaw.com
Smith, Gambrell & Russell, LLP                     *Attorneys for Essex Hotel*
1230 Peachtree St. NE                              *Management, LLC (misnamed as*
Promenade, Suite 3100                              *Essex, LLC)*
Atlanta, GA  30309-3592
Pamela Newsom Lee
Rachel Wilson Mathews
Sabrina L. Atkins
SWIFT, CURRIE, MCGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree St., N.E.
Atlanta, GA  30309-3231
pamela.lee@swiftcurrie.com
rachel.mathews@swiftcurrie.com
Sabrina.atkins@swiftcurrie.com
*Attorneys for HSI Chamblee, LLC*

Respectfully submitted this 20th day of July, 2020.


                                        /s/ Adi Allushi
                                        CHARLES K. REED
                                        Georgia Bar No. 597597
                                        P. MICHAEL FREED
                                        Georgia Bar No. 061128
                                        ADI ALLUSHI
                                        Georgia Bar No. 852810

                                        *Attorneys for Defendants*
                                        *Red Roof Inns, Inc.;*
                                        *Red Roof Franchising, LLC*
LEWIS BRISBOIS BISGAARD                  *RRI III, LLC;*
   & SMITH LLP                           *RRI West Management LLC*
1180 Peachtree Street NE                 *RRI West Management, LLC;*
Suite 2900                               *FMW RRI NC, LLC;*
Atlanta, Georgia 30309                   *SUB-SU Hotel GP, LLC;*
(404) 348-8585                           *Westmont Hospitality Group, Inc.;*
(404) 467-8845 Facsimile                 *WHG SU Atlanta LP; and*
Chuck.Reed@lewisbrisbois.com             *WHG SU Atlanta, LLC*
Michael.Freed@lewisbrisbois.com
Adi.Allushi@lewisbrisbois.com

4839-3794-5539.1