## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JANE DOE 1

               Plaintiff,

v.

RED ROOF INNS, INC., et al.

               Defendants.

Civil Action No.
1:19-cv-03840

JURY TRIAL DEMANDED,
Pursuant to Fed. R. Civ. P. 38

## PLAINTIFF'S RESPONSE TO HSI CHAMBLEE, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant HSI Chamblee, LLC's motion to dismiss argues that Plaintiff's addition of HSI Chamblee as a defendant in the Second Amended Complaint is procedurally improper and that Plaintiff's Georgia RICO and negligence claims are time-barred.  The Court should deny Defendant's motion as to HSI Chamblee's contention that Plaintiff did not have specific leave to add it in the Second Amended Complaint and permit Plaintiff to proceed on her TVPRA claim.  Plaintiff not only had leave of Court to file the SAC but was *directed* to do so.  Rule 15 requires that leave should be freely given, and Defendant cites nothing whatsoever suggesting that the Court must specifically grant leave to add a defendant when allowing—or

1

ordering—amendment.  Plaintiff does not oppose the dismissal of the Georgia

RICO and negligence claims against HSI Chamblee.

## STATEMENT OF FACTS[1]

Plaintiff Jane Doe 1 was trafficked at Atlanta hotels from 2011 through

2016 where she was sold for commercial sex.  Second Amended Complaint,

Doc. 305 ¶ 1.  Plaintiff's claims against Defendant HSI Chamblee, LLC, arise

out of her trafficking at the Suburban Extended Stay ("SES"), at 2050

Peachtree Industrial Court, Chamblee, Georgia 30341.

HSI Chamblee, LLC, a Georgia limited liability company, *id.* ¶ 16,

owned and managed the SES from 1997 through July 2011.  *Id.* ¶ 169.

During this time period, HSI Chamblee was both the fee simple owner of the

property and also the sole manager and operator of the SES.  *Id.* ¶ 164.  HSI

Chamblee directly employed all employees working at the SES during this

time period.  *Id.* ¶169.  Any liability that arose from the ownership, operation

or management of the SES during this time period belongs to HSI Chamblee.

During its ownership and operation of the SES, HSI Chamblee had, at

a minimum, constructive knowledge of crimes there, including sex trafficking.

---

[1] Unless otherwise noted, pin citations to record refer to the page number
affixed in the Court's CM/ECF heading and not to the numbers appearing in
document footers.

*Id.* ¶ 155.  Specific facts, the truth of which must be assumed at this stage, make this inference more than plausible.  Plaintiff was trafficked out of the SES from 2011 through 2016, *id.* ¶ 132, where she stayed on a regular basis, often for several days at a time.  *Id.*  Another trafficking victim, Jane Doe 2 was often trafficked out of the same hotel room, where as many as 20 men per day appeared, stayed for a brief time, then left.  *Id.* ¶ 133.  Moreover, Jane Doe 1's physical appearance while at the SES often evidenced abuse, such as a bruises or a busted-lip.  And her hotel rooms at the SES evidenced clear signs of trafficking.  *Id.* ¶ 144.

If that were not enough—and it is—during HSI Chamblee's ownership, multiple arrests put HSI Chamblee on notice of the sex trafficking ventures operating out of the SES.  *Id.* ¶ 152.  On July 22, 2010, a 20-year old woman was arrested at the SES for prostitution—she said she was prostituting to make money for her "boyfriend."  *Id.* ¶ 152(a).  And on April 21, 2011, another woman was arrested for prostitution.  *Id.* ¶ 152(b).  Additional arrests followed in subsequent years.

The presence of other traffickers and the sheer number of buyers of commercial sex on the property—at minimum, 50 per day—supported an inference of sex trafficking as opposed to prostitution.  *Id.* ¶¶ 134-135.  In fact, the commercial sex and trafficking at the SES was open and obvious and

the SES's reputation as a sex trafficking hot spot so well-known that several nonprofit and religious groups routinely visited to provide food and rescue information to the trafficking victims. *Id.* ¶ 136. These and other facts alleged demonstrate that HSI Chamblee knew or should have known of the prevalence of sex trafficking at hotels in Atlanta, of the warning signs of sex trafficking at hotels, and of sex trafficking at the SES. *Id.* ¶¶ 155-57.

But HSI was more than a passive observer in sex trafficking ventures, including Jane Doe 1's; occasionally, its employees joined the effort. SES managers and other employees—all employed by HSI Chamblee, *id.* ¶ 169— assisted Jane Doe 1's trafficker, offering to rent him a room in the "usual spot." *Id.* ¶ 137. HSI Chamblee employees operating the hotel called Jane Doe 1's trafficker to alert him to police presence or to "slow" traffic to the room. *Id.* ¶ 139. And when Jane Doe 2 once sought assistance from an SES maintenance worker, also employed by HSI Chamblee, he refused to help and instead told her trafficker—who assaulted Jane Doe 2 yelling, "You think somebody is going to help you? None of these people are going to help you." *Id.* ¶ 141.

## PROCEDURAL HISTORY

Plaintiff filed her original complaint on August 26, 2019 and the Amended Complaint on November 21, 2019. The Amended Complaint

asserted claims arising out of sex trafficking at eight different hotel locations in the Atlanta area.  For each hotel location Plaintiff sought to name both local owners and operators and the associated corporate hotel brands.  Given the limited publicly available information, the complex corporate structure and use of shell corporations within hotel groups the Amended Complaint named around twenty-nine defendants. Doc. 87.

On February 7, 2020, the Court held a hearing on all the pending motions to dismiss.  At that hearing, the Court announced that it was dismissing Plaintiff's claims against certain "Franchisor" defendants.  Doc. 241.  By Orders entered on April 13, 2020, the Court dismissed the franchisor defendants, struck portions of the Amended Complaint and directed Plaintiff to replead her claims.  Doc. 282.  Plaintiff sought entry of Rule 54(b) judgment, which the Court granted on May 6, 2020.  Doc. 298.  The Court stayed discovery but directed Plaintiff proceed with filing her Second Amended Complaint by May 8, 2020 and permitting defendants to file motions for judgment on the pleadings.  Doc. 294.

Plaintiff filed her SAC on May 8, 2020, narrowing her claims from eight to four hotels, and naming 14 defendants.  Plaintiff first learned of Defendant HSI Chamblee's ownership of the Suburban Extended Stay on February 11,

2020, in Defendant Choice Hotels International, Inc.'s discovery responses.[2]

## ARGUMENT AND CITATION OF AUTHORITY

At the motion to dismiss stage, the Court must assume the truth of the complaint's factual allegations and construe the facts "in the light most favorable to the plaintiff." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 707 (11th Cir. 2016). Still, "no part of the Twombly-Iqbal pleading standard requires a plaintiff to provide evidence for the factual allegations in a complaint before they are 'entitled to the assumption of truth' at the motion-to-dismiss stage." *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1197 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009)). Viewed through this lens, the Second Amended Complaint's allegations against HSI Chamblee should not be dismissed.

## I. Plaintiff Properly Added Defendant HSI Chamblee in the SAC.

As a preliminary matter, the Court directed Plaintiff to amend, obviating the need for leave to amend. In other words, Plaintiff did not need to seek leave to amend to add additional defendants because the Court had already *directed* amendment and, in so doing, granted her leave to amend.

---

[2] *See* Certificate of Service of Defendant Choice Hotels International, Inc.'s Objections and Responses to Plaintiff's First Interrogatories, dated February 11, 2020, Doc. 244.

Nothing in the Court's order indicated any limitation on adding or dropping defendants when amending, and both were accomplished in the SAC, when Plaintiff narrowed her claims from eight separate hotel locations to just four locations.

Further, the Court did not have to specify that adding defendants was permissible—nor did Plaintiff have to seek specific leave to add specific defendants—because under the Federal Rules of Civil Procedure, leave to amend already includes leave to add parties.  For example, Rule 21 does not require leave to amend to add parties, as it allows adding parties "on just terms" even in the absence of a motion.  Fed. R. Civ. P. 21.  And Rule 21 is not "the only mechanism for dropping or adding parties to a lawsuit."[3]

*McLellan v. Mississippi Power & Light Co.* confirmed that under Rule 15, parties may be added or dropped when an amendment is made.[4]  While

---

[3] *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.,* 750 F. Supp. 487, 493 (M.D. Fla. 1990) (allowing amendment adding parties without specific leave); *see Hernandez v. Sikka*, No. 17CV4792SJFSIL, 2019 WL 1232092, at *5 (E.D.N.Y. Mar. 15, 2019)(Rules 15 and 21 govern the addition or subtraction of parties).

[4] 526 F.2d 870, 873 (5th Cir. 1976), *vacated in part on other grounds,* 545 F.2d 919 (5th Cir. 1977). "[D]ecisions of the United States Court of Appeals for the Fifth Circuit" that, like *McLellan v. Mississippi Power & Light Co.*, were "handed down by that court prior to the close of business on" September 20, 1981 are "binding as precedent in the Eleventh Circuit" and the district courts, like this one, therein. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

*McLellan* involved amendment as a matter of course, nothing in its reasoning or the language of Federal Rule of Civil Procedure 15(a) distinguishes between amendments as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), and other amendments, *see id.* 15(a)(2), in this regard, further confirming that specific leave to add parties is not required by law.  Additionally, because this Court had already *directed* amendment, eliminating the need for Plaintiff to seek further leave under Rule 15(a)(2), these circumstances are akin to amendment as a matter of right under Rule 15(a)(1).

In short, leave to add specific parties was not required by law, but it also would not have been practical or even possible under the circumstances. Plaintiff has acted deliberately and has continually sought to identify the correct corporate party defendants, many of whom appear to evade liability through layers of shell corporations and elaborate corporate structures.  Still, Plaintiff cannot seek leave to add as-yet unidentified parties.  Further, Plaintiff added HSI Chamblee at the first available opportunity—the filing of its SAC—following the disclosure of HSI Chamblee's ownership of the SES, which did not come until February 11, 2020.  Where amendments add or correct real parties in interest, courts permit amendment even at the

summary judgment stage.[5]  And, again, having identified HSI Chamblee as the owner and operator of the SES when she did—after the Court had directed amendment—there was no need to seek further leave to add HSI Chamblee.

Indeed, not only is specific leave to add specific parties not required by law, requiring specific leave to add specific parties where the Court has already directed a plaintiff to amend would be wholly inconsistent with the liberal amendment standard under Rule 15.[6]  But if this Court nonetheless finds that specific leave is required, it should construe this brief to include a motion and grant such leave now.

As noted by this District Court, "Rule 15 requires that leave to amend shall be freely given when justice so requires, and that leave should be granted with extreme liberality, because cases should be decided on the merits, rather than on the pleadings or technicalities."[7]  In the Eleventh Circuit, reasons for denying leave are scarce, but "a motion for leave to

---

[5] *E.g.*, *Erwin v. McDermott*, 284 F.R.D. 40, 44–45 (D. Mass. 2012) (noting that litigation tactics employed to obscure the true owner of the defendant nightclub were "unscrupulous" and "counterproductive").
[6] *See* Fed. R. Civ. P. 15 (a)(2) ("The court should freely give leave when justice so requires.").
[7] *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293, 1298 (N.D. Ga. 2010) (internal citation omitted).

amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'"[8]

Here, too, the amended complaint changed none of the claims asserted or the legal theories pleaded.  Thus, there is no evidence of prejudice to HSI Chamblee that would warrant dismissing the claims against it based on a lack of specific leave to amend.  In that regard, this case is indistinguishable from *Kuria*, in which the Court reasoned that because the amended complaint "chang[ed] none of the claims asserted" or "the legal theories under which [the] plaintiff intends to proceed," there was "no apparent bad faith [or] dilatory motive" on the part of the plaintiff and no "undue prejudice" to the defendants.  752 F. Supp. 2d at 1298.  In *Kuria*, these facts led the Court to grant leave to amend, even where the plaintiff did not initially have or move for such leave; the plaintiff simply filed an amended complaint "without leave of court or [defendants'] consent."  *Id.* at 1296.  Still, under the standard laid out above and applicable in the Eleventh Circuit, the Court

---

[8] *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014). None of those circumstances exist here.

found no reason to deny leave, even in the absence of a specific and timely motion. *Id.* at 1298–99.

Additionally, this "case is still in its relative infancy," and the claims against HSI Chamblee "arise out of the same series of transactions or occurrences and many questions of fact common to all Defendants will likely arise in the action."[9]  And because Plaintiff added HSI Chamblee at the first available opportunity and well before the close of discovery, there is no basis for concluding HSI Chamblee will suffer undue prejudice by being added at this stage.[10]

In sum, while Plaintiff was not required to seek specific leave to amend to add HSI Chamblee or any other party thanks to the Court's *direction* to amend, there is no evidence of any undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or any other basis for denying leave to

---

[9] *Harbeck v. Smith*, 814 F. Supp. 2d 608, 634 (E.D. Va. 2011) (allowing plaintiff leave to amend her complaint to add another defendant, even though plaintiff offered no justification for her failure to request leave).

[10] *Compare LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1251–52 (D. Nev. 2014) (denying motion for leave to amend to add party where plaintiff should have known which was the real party in interest more than eight months before seeking leave to amend and granting motion would require re-opening discovery) *with Vilaythong v. Sterling Software, Inc.*, 353 F. Supp. 3d 87, 94 (D. Mass. 2018) (allowing plaintiff to amend and add a new party, even where plaintiff "ha[d] not adequately identified the proposed new corporate defendant," as "[t]here [did] not appear to be any undue delay … and the case is still in its early stages").

amend or dismissing claims against HSI Chamblee based on a failure to obtain specific leave to add a specific, then-unknown party.

## II.    Georgia RICO and Negligence Claims

Plaintiff does not oppose HSI Chamblee's motion with regard to the Georgia RICO and negligence claims.

## CONCLUSION

Plaintiff properly added HSI Chamblee in the Second Amended Complaint, an amendment that the Court Ordered.  Plaintiff does not oppose HSI Chamblee's motion with regard to the Georgia RICO and negligence claims.  Plaintiff should be permitted to proceed with her claim against HSI Chamblee on her TVPRA claim.

Respectfully submitted this 24th day of July, 2020.

/s/ *Tiana S. Mykkeltvedt*
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Manoj S. Varghese
Georgia Bar No. 734668
varghese@bmelaw.com
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykketlvedt@bmelaw.com
Amanda Kay Seals
Georgia Bar No. 502720
seals@bmelaw.com
Michael R. Baumrind
Georgia Bar No. 960296

baumrind@bmelaw.com

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, N.W., Suite 3900
Atlanta, GA  30309
(404) 881-4100 – Telephone
(404) 881-4111 – Facsimile

Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Trinity Hundredmark
Georgia Bar No. 140808
thundred@atclawfirm.com

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia  30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff Jane Doe 1*

## <u>CERTIFICATION</u>

The undersigned counsel hereby certifies that **PLAINTIFF'S RESPONSE TO HSI CHAMBLEE, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** was prepared using 13-point Century Schoolbook font and complies with the margin and type requirements of this Court, per L.R. 5.1 (N.D. Ga.)

This 24th day of July, 2020.

*/s/ Tiana S. Mykkeltvedt*
Tiana S. Mykkeltvedt
Georgia Bar No. 533512

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, I served a true and correct copy of **PLAINTIFF'S RESPONSE TO HSI CHAMBLEE, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** using the Court's CM/ECF system, which will automatically email the document to all counsel of record.

This 24th day of July, 2020.

/s/ *Tiana S. Mykkeltvedt*
Tiana S. Mykkeltvedt
Georgia Bar No. 533512