**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE 1, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 1:19-CV-03840-WMR |
| | ) |
| RED ROOF INNS, INC., FMW RRI, NC, LLC, | ) |
| RED ROOF FRANCHISING, LLC, RRI WEST | ) |
| MANAGEMENT, LLC, VARAHI HOTEL, LLC, | ) |
| WESTMONT HOSPITALITY GROUP, INC., | ) |
| RRI III, LLC, HSI CHAMBLEE, LLC, | ) |
| SUB-SU HOTEL GP, LLC, WHG SU | ) |
| ATLANTA, LLC, WHG SU ATLANTA LP, | ) |
| CC&S DEVELOPMENT, LLC, ESSEX, LLC, | ) |
| AND KUZZINS BUFORD, LLC | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HSI CHAMBLEE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW, HSI Chamblee, LLC ("**HSI**"), by and through its undersigned counsel, and submits this Reply Brief in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint, and in support thereof, states as follows:[1]

---

[1] HSI recognizes that Plaintiff has included numerous factual allegations in her "Statement of Facts." While HSI does not directly address each of those allegations in its Reply Brief, as this

1

Following Plaintiff's concession that both her RICO and negligence claims are time-barred as to HSI, the only issue that remains outstanding for this Court's consideration is whether Plaintiff improperly added HSI to the instant lawsuit without leave of court. Pursuant to this Court's April 13, 2020 Order (the "**Order**"), HSI believes that she did. [See ECF No. 282]. As such, HSI requests that it be dismissed from this lawsuit.

In response to HSI's request for dismissal, Plaintiff spends nearly five pages defending her decision to add parties without leave of court, citing to numerous court decisions, most of which were issued outside of the Eleventh Circuit. However, Plaintiff's failure to discuss in any level of detail the language included in this Court's Order, which directly relates to the actions of the parties in this lawsuit, is striking. In doing so, Plaintiff conveniently ignores or overlooks the specific and limiting directions provided to her following the February 7, 2020

---

brief is directed solely at Plaintiff's unilateral addition of defendants without leave of court, HSI incorporates by reference all responses included in its Answer and Affirmative Defenses, filed on June 26, 2020, in response to Plaintiff's Second Amended Complaint. [See ECF No. 320]. HSI expressly denies the allegations contained in both Plaintiff's Second Amended Complaint as well as those included in her Response Brief and reserves the right to contest these allegations in later pleadings.

HSI further notes for the Court that certain allegations contained in Plaintiff's Statement of Facts are embellished from those included in her Second Amended Complaint, including the allegation that a maintenance worker who interacted with Jane Doe 2 was employed by HSI. [Compare ECF No. 347 at 4 with ECF No. 305 at ¶ 140].

hearing and instead, insinuates that this Court has provided the parties with no direction regarding the inclusion of additional defendants in this lawsuit.

Undisputedly, the Federal Rules of Civil Procedure permit a party to amend its pleading once as a matter of course, which Plaintiff did on November 21, 2019. [ECF No. 87]; FED. R. CIV. P. 15 (a)(1). However, following this initial amendment, subsequent pleading amendments sought by Plaintiff are not permitted without "the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(2).

Here, however, even a cursory review of the Court's Order shows that the allowed amendments to Plaintiff's First Amended Complaint were limited in nature and scope. [ECF No. 282]. Indeed, this Court ordered Plaintiff to recast her Complaint to (1) "remove all allegations about sex trafficking or the sex trafficking industry in general that are not related to a specific Defendant," and (2) to "set forth specific allegations *as to each remaining Defendant*." [Id.] (emphasis supplied). No other leave was granted. In fact, the phrase "as to each remaining Defendant" was used no less than five (5) times throughout the Order, [Id. at 2, 13, 15], and was used again in a subsequent April 29, 2020 Order, which stated "[f]urther, after Plaintiff has replead her claim against the remaining defendants, said Defendants may file any motions for judgment on the pleadings. . . ." [ECF

3

No. 294 at 1]. Accordingly, and contrary to Plaintiff's arguments, this Court's Order did **not** contemplate the addition of new parties. [Id.]

Moreover, on page 14 of the Order, this Court asserted that "[n]o further motions to dismiss will be allowed." [ECF No. 282 at 14]. However, had this Court contemplated the addition of new defendants in Plaintiff's Second Amended Complaint, no such wording would have been necessary as any newly added defendant would have surely been entitled to the same defenses and mechanisms allowed under the Federal Rules of Civil Procedure that were afforded to the previously named parties. As such, the plain and unambiguous wording contained in the Order should have been more than enough to alert Plaintiff that she was not free to unilaterally add parties to this lawsuit. Moreover, and considering the actual language of the Order, it is confounding that Plaintiff would contend that HSI would suffer no "undue prejudice by being added at this stage" in the litigation. To be sure and ignoring the inclusion of the "as to each remaining Defendant" phrasing, to the extent this Court disallowed HSI to file a motion to dismiss, such an action would surely prejudice HSI.

Plaintiff also alleges that she was unaware of HSI's prior interest in the Suburban Extended Stay until such interest was disclosed in Choice Hotels International, Inc.'s discovery responses on February 11, 2020. While this

4

allegation may be true, it does not excuse Plaintiff from conducting a reasonable and diligent investigation as to all potential defendants prior to filing suit. Indeed, real property deeds and records can be obtained through numerous public websites including the Georgia Superior Court Clerks' Cooperative Authority which contains real property records for the State of Georgia. While Plaintiff may have only just learned of HSI's prior interest in the Suburban Extended Stay, such facts do not negate the fact that had Plaintiff conducted a reasonable and diligent search, prior to filing her lawsuit, she would have been aware of HSI's prior interest.

Accordingly, and based upon Plaintiff's failure to seek leave from this Court to add HSI as a defendant to her Second Amended Complaint, HSI respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Second Amended Complaint and grant such other and further relief as this Court deems just and proper.

[*Signature Line on Following Page*]

This 7th day of August, 2020.

                              SWIFT, CURRIE, McGHEE & HIERS

                          By:   */s/ Sabrina L. Atkins*
                                Pamela N. Lee
                                Georgia State Bar No. 198981
                                Sabrina L. Atkins
                                Georgia State Bar No. 567762
                                ***Attorneys for Defendant HSI Chamblee, LLC***

Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: 404.888.6162
Fax: 404.888.6199
pamela.lee@swiftcurrie.com
sabrina.atkins@swiftcurrie.com

## CERTIFICATE OF COMPLAINCE

I hereby certify this document was prepared in accordance with Court Rule L.R. 5.1B, N.D. Ga., in the Times New Roman (14 point) font.

                        SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Sabrina L. Atkins*
       Pamela N. Lee
       Georgia State Bar No. 198981
       Sabrina L. Atkins
       Georgia State Bar No. 567762
       ***Attorneys for Defendant HSI Chamblee, LLC***

Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:   404.888.6162
Fax:  404.888.6199
pamela.lee@swiftcurrie.com
sabrina.atkins@swiftcurrie.com

7

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of August, 2020, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **HSI CHAMBLEE, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

                              SWIFT, CURRIE, McGHEE & HIERS

                              By:   */s/ Sabrina L. Atkins*
                                       Pamela N. Lee
                                       Georgia State Bar No. 198981
                                       Sabrina L. Atkins
                                       Georgia State Bar No. 567762
                                       ***Attorneys for Defendant HSI Chamblee, LLC***

Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  404.888.6162
Fax:  404.888.6199
pamela.lee@swiftcurrie.com
sabrina.atkins@swiftcurrie.com
4827-4644-7047, v. 1

8