## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JANE DOE 1,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION FILE** |
| **vs.** | § | |
| | § | **NO. 1:19 CV 03840** |
| **RED ROOF INNS, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT KUZZINS BUFORD, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, **KUZZINS BUFORD, LLC,** ("Kuzzins") a Defendant in the above-styled civil action, and without waiving and defenses as to jurisdiction or venue, hereby files its Answer and Defenses to Plaintiff's Second Amended Complaint, stating as follows:

### FIRST DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted against Kuzzins.

### SECOND DEFENSE

Venue may be improper as to Kuzzins.

### THIRD DEFENSE

Jurisdiction may be improper as to Kuzzins.

## **FOURTH DEFENSE**

The Plaintiff's claims are barred on the grounds that no act or omission of

Kuzzins proximately caused the alleged occurrences in this action or the Plaintiff's

alleged damages.

## **FIFTH DEFENSE**

The Plaintiff's claims are barred on the grounds of acquiescence, waiver,

estoppel, unclean hands, statute of limitations and/or laches.

## **SIXTH DEFENSE**

The losses, if any, sustained by the Plaintiff were the result of conduct of

persons or entities over whom Kuzzins had no control or responsibility, and for

whose conduct Kuzzins is thus not liable.

## **SEVENTH DEFENSE**

The Plaintiff's claims against Kuzzins are barred because there is no causal

connection between any alleged act, error, or omission by Kuzzins and the

Plaintiff's alleged damages.

## **EIGHTH DEFENSE**

The injuries or damages complained of, if any, were caused in whole or in

part by the negligence of the Plaintiff and such negligence equaled or exceeded any

negligence on the part of Kuzzins, if any.

## NINTH DEFENSE

The Plaintiff willingly, knowingly and voluntarily exposed herself to and assumed the risk and therefore, Plaintiff's recovery is barred.

## TENTH DEFENSE

If it is judicially determined that Kuzzins was negligent or breached a duty as alleged, which is specifically denies, then such negligence or breach of duty was not a proximate cause of the damages claimed.

## ELEVENTH DEFENSE

The Plaintiff has released, settled, entered into accord and satisfaction or otherwise compromised her claims herein and, accordingly, said claims are barred by operation of law.

## TWELFTH DEFENSE

The Plaintiff's damages, if any, were caused by superseding, intervening acts, which were beyond the knowledge or control of Kuzzins.

## THIRTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part because of her own comparative negligence.

## FOURTEENTH DEFENSE

Kuzzins at all times relevant hereto act in accordance with the applicable standard of care under the circumstances.

## FIFTEENTH DEFENSE

The Plaintiff has failed to join an indispensable party.

## SIXTEENTH DEFENSE

Even if Plaintiff could state a claim for relief in this action, which Kuzzins denies, Plaintiff cannot prove actual or punitive damages, and hence can only recover nominal damages.

## SEVENTEENTH DEFENSE

To the extent Plaintiff has made any claim for special damages, she has failed to state such claim with the requisite specificity. Therefore, Plaintiff's claims are barred and should be dismissed.

## EIGHTEENTH DEFENSE

Plaintiff has failed to state a claim upon which she may be awarded compensatory or punitive damages. Furthermore, some or all of Plaintiff's damages claims are capped by statute and, so, Plaintiff is prohibited from claiming or collecting any damages, which exceed any statutory cap.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

## TWENTIETH DEFENSE

Plaintiff's request for punitive damages fails because Kuzzins did not act with malice or reckless indifference to Plaintiff's legally protected rights.

## TWENTY-FIRST DEFENSE

Plaintiff has failed to plead facts sufficient to support her claim for attorney's fees, fees and costs.

## TWENTY-SECOND DEFENSE

As discovery has not yet begun, Kuzzins specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered, including those related to the statute of limitations. Defenses asserted herein are based upon the initial theories of defense counsel. Kuzzins further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## TWENTY-THIRD DEFENSE

As a next Defense, Kuzzins answers the numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

## **INTRODUCTION**

1.

Kuzzins denies the allegations contained in Paragraph 1 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraph 2 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

2.

Kuzzins denies the allegations contained in Paragraph 2 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraph 2 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

3.

Kuzzins denies the allegations contained in Paragraph 3 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations

contained in Paragraph 3 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

4.

Kuzzins denies the allegations contained in Paragraph 4 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraph 4 of the second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

5.

Kuzzins denies the allegations contained in Paragraph 5 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraph 5 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**THE PARTIES**

6.

Kuzzins can neither admit nor deny the allegations contained in Paragraph 6 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### Smyrna Red Roof

7. through 13.

Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 7 through 13 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### Atlanta Red Roof

14. through 15.

Kuzzins can neither admit nor deny the allegations and subparts contained in Paragraphs 14 through 15 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### Suburban Extended Stay

16. through 20.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs

16 through 20 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## Microtel

21.

Upon information and belief, Kuzzins admits Paragraph 21 of the Second Amended Complaint.

22.

Kuzzins can neither admit nor deny the allegations contained in Paragraph 22 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

23.

Kuzzins admits allegations contained in Paragraph 23 of the Second Amended Complaint.

24.

Kuzzins denies allegations contained in Paragraph 24 of the Second Amended Complaint.

25.

Kuzzins denies allegations contained in Paragraph 25 of the Second Amended Complaint.

## JURISDICTION AND VENUE

### 26.

Kuzzins admits the allegations contained in Paragraph 26 of the Second Amended Complaint as it relates to Kuzzins only. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraph 26 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 27.

Kuzzins admits the allegations contained in Paragraph 27 of the Second Amended Complaint as it relates to Kuzzins only. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraph 27 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 28.

Kuzzins denies the allegations contained in Paragraph 28 of the Second Amended Complaint as it relates to Kuzzins only. Otherwise, Kuzzins can neither

admit nor deny the remaining allegations contained in Paragraph 28 of the Second

Amended Complaint, for want of knowledge or information sufficient to form a

belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**FACTUAL ALLEGATIONS**

I.     **THE SMYRNA RED ROOF**

    A.     **The Trafficking of Jane Doe 1 at the Smyrna Red Rood**

29. through 75.

Kuzzins denies the allegations and all subparts contained in Paragraphs 29

through 75 of the Second Amended Complaint to the extent that it implies any

wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny

the remaining allegations contained in Paragraphs 29 through 75 the Second

Amended Complaint, for want of knowledge or information sufficient to form a

belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

    B.     **The Smyrna Red Rood Defendants**

76. through 77.

Kuzzins denies the allegations and all subparts contained in Paragraphs 76

through 77 of the Second Amended Complaint to the extent that it implies any

wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny

the remaining allegations contained in Paragraphs 76 through 77 the Second

Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 1. The Corporate Relationship between Westmont and Red Roof Inns, Inc.

78. through 88.

Kuzzins denies the allegations and all subparts contained in Paragraphs 78 through 88 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 78 through 88 the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 2. Owners and Franchisees of the Smyrna Red Roof

89. through 91.

Kuzzins denies the allegations and all subparts contained in Paragraphs 89 through 91 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 89 through 91 the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 3. Managers of the Smyrna Red Roof

92. through 99.

Kuzzins denies the allegations and all subparts contained in Paragraphs 92 through 99 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 92 through 99 the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 4.      The Smyrna Red Roof Franchisor

100. through 102.

Kuzzins denies the allegations and all subparts contained in Paragraphs 100 through 102 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 100 through 102 the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## II.    THE ATLANTA RED ROOF

### A.      The Sex Trafficking of Jane Doe 1 at the Atlanta Red Roof

103. through 119.

Kuzzins denies the allegations and all subparts contained in Paragraphs 103

through 119 of the Second Amended Complaint to the extent that it implies any

wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny

the remaining allegations contained in Paragraphs 103 through 119 the Second

Amended Complaint, for want of knowledge or information sufficient to form a

belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**B.     The Atlanta Red Roof Defendants**

120. through 121.

Kuzzins denies the allegations and all subparts contained in Paragraphs 120

through 121 of the Second Amended Complaint to the extent that it implies any

wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny

the remaining allegations contained in Paragraphs 120 through 121 the Second

Amended Complaint, for want of knowledge or information sufficient to form a

belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**1.     The Corporate Relationship between Westmont and Red Roof Inns, Inc.**

122. through 124.

Kuzzins denies the allegations and all subparts contained in Paragraphs 122

through 124 of the Second Amended Complaint to the extent that it implies any

wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny

the remaining allegations contained in Paragraphs 122 through 124 the Second

Amended Complaint, for want of knowledge or information sufficient to form a

belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 2.    Owners of the Atlanta Red Roof

125. through 126.

Kuzzins denies the allegations and all subparts contained in Paragraphs 125

through 126 of the Second Amended Complaint to the extent that it implies any

wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny

the remaining allegations contained in Paragraphs 125 through 126 the Second

Amended Complaint, for want of knowledge or information sufficient to form a

belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 3.    Managers of the Atlanta Red Roof

127. through 131.

Kuzzins denies the allegations and all subparts contained in Paragraphs 127

through 131 of the Second Amended Complaint to the extent that it implies any

wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny

the remaining allegations contained in Paragraphs 127 through 131 the Second

Amended Complaint, for want of knowledge or information sufficient to form a

belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## III.   THE SUBURBAN EXTENDED STAY

### A.      The Sex Trafficking of Jane Doe 1 at the Suburban Extended Stay

132. through 158.

Kuzzins denies the allegations and all subparts contained in Paragraphs 132 through 158 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 132 through 158 the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### B.      The Suburban Extended Stay Defendants

159. through 163.

Kuzzins denies the allegations and all subparts contained in Paragraphs 159 through 163 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 159 through 163 the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

#### 1.      Owners of the Suburban Extended Stay

164. through 168.

Kuzzins denies the allegations and all subparts contained in Paragraphs 164 through 168 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 164 through 168 the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 2.    Managers of the Suburban Extended Stay

### 169. through 171

Kuzzins denies the allegations and all subparts contained in Paragraphs 169 through 171 of the Second Amended Complaint to the extent that it implies any wrongdoing on the part of Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 169 through 171 the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## IV.    THE MICROTEL INN & SUITES

### A.    The Sex Trafficking of Jane Doe 1 at Microtel

### 172. through 192.

Kuzzins denies the allegations and all subparts contained in Paragraphs 172 through 192 of the Second Amended Complaint.

**B.** **The Microtel Defendants**

193.

Kuzzins denies the allegations contained in Paragraph 193 of the Second

Amended Complaint.

194.

Kuzzins admits that Essex employed the staff at the hotel, marketed,

advertised, and recruited corporate accounts for the hotel. Otherwise, Kuzzins

denies the remaining allegations contained in Paragraph 194 of the Second

Amended Complaint.

195.

Kuzzins denies the allegations contained in Paragraph 195 of the Second

Amended Complaint.

196.

Kuzzins denies the allegations contained in Paragraph 196 of the Second

Amended Complaint.

**1.** **Owners of the Microtel**

197.

Kuzzins admits that it is the owner of the Microtel. Otherwise, Kuzzins

denies the remaining allegations contained in Paragraph 197 of the Second

Amended Complaint.

### 2.    Managers of the Microtel

198.

Kuzzins admits that Essex employs the staff at Microtel and manager the

Microtel. Otherwise, Kuzzins denies the remaining allegations contained in

Paragraph 198 of the Second Amended Complaint.

### 3.    The Microtel Defendants are Agents of CC&S

199. through 201.

Kuzzins denies the allegations and all subparts contained in Paragraphs 199

through 201 of the Second Amended Complaint.

## COUNTS

### Violations of the Georgia Influenced and Corrupt Organizations Act
### (Allegations Common to Counts I-II, V-VI, IX-X, XIII-XIV)

202.

Kuzzins denies the allegations contained in Paragraph 202 the Second

Amended Complaint to the extent that it relates to Kuzzins. Otherwise, Kuzzins

can neither admit nor deny the remaining allegations contained in Paragraph 202 of

the Second Amended Complaint, for want of knowledge or information sufficient

to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the

same.

## A.      Acts of Racketeering Activity

### 203. through 218.

Kuzzins denies the allegations and all subparts contained in Paragraphs 202 through 218 in the Second Amended Complaint to the extent that it relates to Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 203 through 218 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## B.      The Acts of Racketeering Activity Formed a Pattern

### 219. through 226.

Kuzzins denies the allegations and all subparts contained in Paragraphs 219 through 226 in the Second Amended Complaint to the extent that it relates to Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 219 through 226 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### COUNT I
### Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
### (Against Smyrna Red Roof Defendants: Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)

227.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 226 as if fully set forth herein.

228. through 238.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 228 through 238 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT II
### Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(a)
### (Against Smyrna Red Roof Defendants: Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)

239.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 238 as if fully set forth herein.

240. through 246.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 240 through 246 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT III
## TVPRA, 18 U.S.C. § 1595
## (Against Red Roof Defendants: Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)

### 247.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 246 as if fully set forth herein.

### 248. through 275.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 248 through 275 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT IV
## Negligence
## (Against Red Roof Defendants: Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)

### 276.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 275 as if fully set forth herein.

### 277. through 291.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 277 through 291 of the Second Amended Complaint, for want of knowledge or

information sufficient to form a belief as to the truth thereof, and puts Plaintiff

upon strict proof of the same.

## COUNT V
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
### (Against Atlanta Red Roof Defendant: Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)

292.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 291 as if

fully set forth herein.

293. through 303.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs

293 through 303 of the Second Amended Complaint, for want of knowledge or

information sufficient to form a belief as to the truth thereof, and puts Plaintiff

upon strict proof of the same.

## COUNT VI
### Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(a)
### (Against Atlanta Red Roof Defendant: Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)

304.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 303 as if

fully set forth herein.

305. through 311.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 305 through 311 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT VII
## TVPRA, 18 U.S.C. § 1595
## (Against Atlanta Red Roof Defendant: Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)

312.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 311 as if fully set forth herein.

313. through 330.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 313 through 330 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT VIII
## Negligence
## (Against Atlanta Red Roof Defendant: Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)

331.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 330 as if fully set forth herein.

332. through 345.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 332 through 345 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**COUNT IX**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(c)**
**(Against Suburban Extended Stay Defendants: HIS, Westmont, MHG SU LP,**
**WHG SU LLC, and SUB-SU)**

346.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 345 as if fully set forth herein.

347. through 357.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 347 through 357 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**COUNT X**
**Violations of the Georgia Racketeer Influenced and Corrupt**

**Organizations Act O.C.G.A. § 16-14-4(a)**
**(Against Suburban Extended Stay Defendants: HIS, Westmont, MHG SU LP,**
**WHG SU LLC, and SUB-SU)**

358.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 357 as if

fully set forth herein.

359. through 365.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs

359 through 365 of the Second Amended Complaint, for want of knowledge or

information sufficient to form a belief as to the truth thereof, and puts Plaintiff

upon strict proof of the same.

**COUNT XI**
**TVPRA, 18 U.S.C. § 1595**
**(Against Suburban Extended Stay Defendants: HIS, Westmont, MHG SU LP,**
**WHG SU LLC, and SUB-SU)**

366.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 345 as if

fully set forth herein.

367. through 382.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs

367 through 382 of the Second Amended Complaint, for want of knowledge or

information sufficient to form a belief as to the truth thereof, and puts Plaintiff

upon strict proof of the same.

## COUNT XII
## Negligence
## (Against Suburban Extended Stay Defendants: HIS, Westmont, MHG SU LP, WHG SU LLC, and SUB-SU)

383.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 382 as if fully set forth herein.

384. through 397.

Kuzzins can neither admit nor deny the allegations contained in Paragraphs 384 through 397 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT XIII
## Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
## (Against Microtel Defendants: Kuzzins, CC&S, and Essex)

398.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 397 as if fully set forth herein.

399. through 409.

Kuzzins denies the allegations contained in Paragraphs 399 through 409 in

the Second Amended Complaint to the extent that it relates to Kuzzins. Otherwise,

Kuzzins can neither admit nor deny the remaining allegations contained in

Paragraphs 399 through 409 of the Second Amended Complaint, for want of

knowledge or information sufficient to form a belief as to the truth thereof, and

puts Plaintiff upon strict proof of the same.

## COUNT XIV
### Georgia Racketeer Influenced and Corrupt
### Organizations Act O.C.G.A. § 16-14-4(a)
### (Against Microtel Defendants: Kuzzins, CC&S, and Essex)

410.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 409 as if

fully set forth herein.

411. through 417.

Kuzzins denies the allegations contained in Paragraphs 411 through 417 in

the Second Amended Complaint to the extent that it relates to Kuzzins. Otherwise,

Kuzzins can neither admit nor deny the remaining allegations contained in

Paragraphs 411 through 417 of the Second Amended Complaint, for want of

knowledge or information sufficient to form a belief as to the truth thereof, and

puts Plaintiff upon strict proof of the same.

## COUNT XV
### TVPRA, 18 U.S.C. § 1595
### (Against Microtel Defendants: Kuzzins, CC&S, and Essex))

418.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 417 as if fully set forth herein.

419. through 434.

Kuzzins denies the allegations contained in Paragraphs 419 through 434 in the Second Amended Complaint to the extent that it relates to Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in Paragraphs 419 through 434 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**COUNT XVI**
**Negligence**
**(Against Microtel Defendants: Kuzzins, CC&S, and Essex))**

435.

Kuzzins hereby incorporates its responses to Paragraphs 1 through 434 as if fully set forth herein.

436. through 447.

Kuzzins denies the allegations contained in Paragraphs 436 through 447 in the Second Amended Complaint to the extent that it relates to Kuzzins. Otherwise, Kuzzins can neither admit nor deny the remaining allegations contained in

{Firm/232/00401/PLEADING/02686386.DOCX }     - 29 -

Paragraphs 436 through 447 of the Second Amended Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

448.

All allegations not expressly admitted or otherwise addressed herein are hereby denied.

<b><u>JURY DEMAND</u></b>

Kuzzins hereby demands a trial by jury to the fullest extent permitted by law on all triable issue.

WHEREFORE, having fully answered the Second Amended Complaint, Kuzzins Buford, LLC respectfully prays for the following relief from this Honorable Court:

1.      That Plaintiff's claims be denied and Plaintiff's Second Amended Complaint be dismissed with prejudice;

2.      That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3.      That the case be tried before a jury of twelve (12) persons; and

4.      For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted, this 24th day of August 2020.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**GLENN C. TORNILLO, ESQ.**
Georgia Bar No. 714754
**KRISTIN L. YODER, ESQ.**
Georgia Bar No. 229210
**J. ROBB CRUSER, ESQ.**
Georgia Bar No. 199480
*Counsel for Defendant Kuzzins Buford, LLC*

275 Scientific Drive
Peachtree Corners, GA  30092
(678) 684-2158 direct
(404) 881-2622 main line

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANE DOE 1, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION FILE |
| vs. | § | |
| | § | NO. 1:19 CV 03840 |
| RED ROOF INNS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I electronically filed **DEFENDANT
KUZZINS BUFORD, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
with the Clerk of Court using the CM/ECF system, which will automatically send
e-mail notification of such filing to the following attorney of record:

JONATHAN S. TONGE, ESQ.
PATRICK J. McDONOUGH, ESQ.
TRINITY HUNDREDMARK, ESQ.
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre, Suite 4000
1960 Satellite Boulevard
Duluth, GA  30097
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com
thundred@actlawfirm.com

JOHN E. FLOYD, ESQ.
MANOJ S. VARGHESE, ESQ.
TIANA S. MYKKELTVEDT, ESQ.
AMANDA KAY SEALS, ESQ.
BONDURANT, MIXSON &
ELMORE, LLP
1201 West Peachtree Street, NW
Suite 3900
Atlanta, GA  30309
floyd@bmelaw.com

Attorneys for Plaintiff

varghese@bmelaw.com
mykketlvedt@bmelaw.com
seals@bmelaw.com
Co-Counsel for Plaintiff

ADMIR ALLUSHI, ESQ.
CHARLES K. REED, ESQ.
P. MICHAEL FREED, ESQ.
LEWIS BRISBOIS BISGAARD &
SMITH, LLP – ALT
1180 Peachtree Street, N.E., Suite 2900
Atlanta, GA  30309-3521
adi.allushi@lewisbrisbois.com
chuck.reed@lewisbrisbois.com
michale.freed@lewisbrisbois.com
Attorneys for Defendant Red Roof
Inns, Inc.,

C. SHANE KEITH, ESQ.
ELLIOTT C. REAM, ESQ.
HAWKINS PARNELL &
YOUNG, LLP
303 Peachtree Street, NE, Suite 4000
Atlanta, GA  30308-3243
skeith@hpylaw.com
eream@hytylaw.com
Attorneys for Varahi Hotel, LLC

JANELLE E. ALLEYNE, ESQ.
SARA M. TURNER, ESQ.
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ,
P.C. - ATL
3414 Peachtree Road, N.E.
Suite 1600, Monarch Tower
Atlanta, GA  30326
jalleyne@bakerdonelson.com
sturner@bakerdonelson.com
Attorneys for Choice Hotels

DAVID A. SAGER, ESQ.
BRENDAN G. KRASINSKI, ESQ.
DELIA G. FRAZIER, ESQ.
DLA PIPER, LLP - ATL
1201 West Peachtree Street, Suite 2800
Atlanta, GA  30309-3450
Brendan.krasinski@dlapiper.com
delia.frazier@dlapiper.com
Attorneys LaQuinta Worldwide,

JAMILA M. HALL, ESQ.
JONES DAY – ATLANTA
1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309-3053
jhall@jonesday.com
Attorneys for Hilton

HALL F. McKINLEY, ESQ.
WILLIAM J. MARTIN, ESQ.
ALLISON M. ESCOTT, ESQ.
DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, GA  30308
mckinleyh@deflaw.com
martinw@deflaw.com

escotta@deflaw.com
Attorneys for 2014 SE Owner 5-
Emory, LLC

PAMELA N. LEE, ESQ.
RACHEL W. MATHEWS, ESQ.
SWIFT CURRIE McGHEE
& HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree Street, NE
Atlanta, GA  30309
pamela.lee@swiftcurrie.com
Rachel.mathews@swiftcurrie.com
Attorneys for Laxmi Druid Hills Hotel,
LLC,

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

Respectfully submitted, this 24th day of August 2020.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**


_____
**GLENN C. TORNILLO, ESQ.**
Georgia Bar No. 714754
**KRISTIN L. YODER, ESQ.**
Georgia Bar No.:  229210
**J. ROBB CRUSER, ESQ.**
Georgia Bar No. 199480
*Counsel for Defendant Kuzzins Buford, LLC*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(678) 684-2146 direct
(404) 881-2622 main line
gtornillo@cmlawfirm.com
kyoder@cmlawfirm.com
rcruser@cmlawfirm.com