**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE 1, | CIVIL ACTION FILE |
| Plaintiff, | NO. 1:19-cv-03840-WMR |
| v. | JURY TRIAL DEMANDED |
| RED ROOF INNS, INC., <br> FMW RRI, NC, LLC, <br> RED ROOF FRANCHISING, LLC, <br> RRI WEST MANAGEMENT, LLC, <br> VARAHI HOTEL, LLC, <br> WESTMONT HOSPITALITY GROUP, INC., <br> RRI III, LLC, <br> HSI CHAMBLEE, LLC, <br> SUB-SU HOTEL GP, LLC, <br> WHG SU ATLANTA, LLC, <br> WHG SU ATLANTA, LP, <br> CC&S DEVELOPMENT, LLC, <br> ESSEX, LLC, and <br> KUZZINS BUFORD, LLC, <br><br> Defendants. | |

**DEFENDANT ESSEX HOTEL MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Essex Hotel Management, LLC ("Essex") files this Reply in support of its Motion for Judgment on the Pleadings.

- 1 -

### 1. Plaintiff's Allegations Do Not Support the Claim That Essex is Liable Under O.C.G.A. § 51-2-2.

What someone does not say is sometimes more important – and telling – than what they do say.  Here, Plaintiff expressly relies on O.C.G.A. § 51-2-2 in the opening paragraph of her Response.  (Doc. 375 at 1)  That is what Plaintiff does say.  But, Plaintiff does not say anything about the application of O.C.G.A. § 51-2-2 in instances like the one at issue here, as discussed in *Piedmont Hospital, Inc. v. Palladino*, 276 Ga. 612, 614-15 (2003); *Brownlee v. Winn-Dixie Atlanta, Inc.*, 240 Ga. App. 368, 369 (1999); *Drury v. Harris Ventures, Inc.*, 302 Ga. App. 545, 546-47 (2010); or *Ahmed v. Air France-KLM*, 165 F. Supp. 3d 1302, 1310 (N.D. Ga. 2016).

The Georgia Supreme Court analyzed O.C.G.A. § 51-2-2 and explained in *Piedmont Hospital, Inc. v. Palladino*:

> If a tort is committed by an employee "not by reason of the employment, but because of matters disconnected therewith," the employer is not liable. If a tortious act is committed not in furtherance of the employer's business, "but rather for *purely personal reasons* disconnected from the authorized business of the master, the master [is] not ... liable."

276 Ga. at 614-15.  This is the standard that must be applied to Plaintiff's allegations relative to employees at the Microtel.

For example, in her Amended Complaint, Plaintiff alleges that "Microtel employees at the front desk were paid daily in drugs or money to permit the trafficking and to act as lookouts for [her] traffickers." (Doc. 87 at ¶ 206)[1] Moreover, Plaintiff pled in her Second Amended Complaint:

> The sex trafficking ventures at the Microtel operated with the knowledge and assistance of Microtel employees, agents and managers. Microtel front desk employees knew of the sex trafficking venture and agreed to act as "look outs" for traffickers, including Jane Doe 1's trafficker. Microtel employees routinely called Jane Doe 1's trafficker, to alert him that police were at the Microtel.

(Doc. 305 at ¶ 175) Those front desk employees acted for purely personal reasons when accepting "drugs or money to permit the trafficking."

### 2. Plaintiff's Allegations Do Not Plausibly Allege That Essex Had the Requisite Knowledge or Control of the Microtel.

Plaintiff's own allegations, which again, are taken as true, do not plausibly allege that Essex "knew or should have known of the acts alleged by the Plaintiff at the [Microtel]." (Doc. 282 at 6). As alleged by Plaintiff, "CC&S exercised ongoing and systemic right of control over Essex … including exercising control over how Essex … conducted their daily business." (Doc. 305 at ¶ 201). Further, while "Essex

---

[1] *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340, n. 12 (11th Cir. 2014) (On a motion for judgment on the pleadings, documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed.)

employs the staff at the Microtel" Plaintiff admits Essex "manages the Microtel at the direction of CC&S." (*Id.* at ¶ 198). Even at the granular level of employee supervision and management, Plaintiff's own Complaint alleges that "CC&S … [i]nstructed Essex on how and how often to supervise specific employees." (*Id*. at ¶ 201(f)). Finally, Plaintiff alleges that "CC&S … [c]losely monitored security protocols and made decisions regarding the use of specific security devices, armed security, and policies and procedures to be enacted by Essex employees at the Microtel." (*Id*. at ¶ 201(k)).  Under these alleged facts, it is not plausible that Essex "knew or should have known of the acts alleged by the Plaintiff at the [Microtel]." (Doc. 282 at 6).

### 3. Plaintiff Has Not Plausibly Stated a Claim Against Essex Under the TVPRA.

Under any reading of the under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), it is not plausible that Essex knowingly participated in a venture as required by 18 U.S.C. § 1595(a).[2]  Despite having had the benefit of extensive discovery from Kuzzins Buford, one of the other Microtel Defendants, Plaintiff does not identify a single Essex employee who allegedly engaged in the behavior at issue. At the February 7, 2020 hearing, this Court made it

---

[2] The term "participation in a venture" means knowingly assisting, supporting, or facilitating a violation of subsection (a)(1). 18 U.S.C. § 1591(e)(4).

- 4 -

clear that "I need you to be specific as to each defendant … I need to know dates and times to the best of your knowledge of when they did it and what it is that they did or did not do specifically … I want specific allegations against specific defendants to the best of your ability to tell me that." (Doc. 248 at 105:25-106:9).

The failure of Plaintiff to provide the identity of even one Essex employee despite repeated opportunities – and even the direction of the Court to do so – is ample evidence of the defect in her claims under *Twombly*.

## CONCLUSION

Plaintiff has been given three chances to adequately plead her Complaint and afforded an opportunity to conduct discovery. Despite those opportunities, Plaintiff has failed to allege sufficient facts showing any plausible inference of liability against Essex under O.C.G.A § 51-2-2, the TVPRA, Georgia RICO, or any other negligence theory under *Twombly*.  (Doc. 282 at 6).

Respectfully submitted, this 1st day of September, 2020.

                                      *s/ Anthony L. Cochran*
                                      Anthony L. Cochran
                                      Georgia Bar No. 172425
                                      Emily C. Ward
                                      Georgia Bar No. 500999
                                      SMITH, GAMBRELL & RUSSELL, LLP
                                      1230 Peachtree Street, NE, Suite 3100
                                      Atlanta, Georgia 30309
                                      (404) 815-3500 (telephone)
                                      (404) 815-3509 (facsimile)

acochran@sgrlaw.com
eward@sgrlaw.com

*Attorneys for Defendant*
*Essex Hotel Management, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2020, I electronically filed the foregoing ***Defendant Essex Hotel Management, LLC's Reply in Support of Motion for Judgment on the Pleadings*** with the Clerk of Court using the CM/CF system, which will automatically send email notification of such filing to all counsel of record.

                                                <u>s/ Anthony L. Cochran</u>
                                                Anthony L. Cochran
                                                Georgia Bar No. 172425
                                                SMITH, GAMBRELL & RUSSELL, LLP
                                                1230 Peachtree Street, NE, Suite 3100
                                                Atlanta, Georgia 30309
                                                (404) 815-3500 (telephone)
                                                (404) 815-3509 (facsimile)
                                                acochran@sgrlaw.com

                                                *Attorneys for Defendant*
                                                *Essex Hotel Management, LLC*