IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 1, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:19-CV-03840-WMR |
| | ) |
| RED ROOF INNS, INC., FMW RRI, NC, LLC, | ) |
| RED ROOF FRANCHISING, LLC, RRI WEST | ) |
| MANAGEMENT, LLC, VARAHI HOTEL, LLC, | ) |
| WESTMONT HOSPITALITY GROUP, INC., | ) |
| RRI III, LLC, HSI CHAMBLEE, LLC, | ) |
| SUB-SU HOTEL GP, LLC, WHG SU | ) |
| ATLANTA, LLC, WHG SU ATLANTA LP, | ) |
| CC&S DEVELOPMENT, LLC, VARAHI, LLC, | ) |
| AND KUZZINS BUFORD, LLC | ) |
| | ) |
| Defendants. | ) |

## VARAHI HOTEL, LLC'S ANSWER TO
## SECOND AMENDED COMPLAINT

HAWKINS PARNELL & YOUNG, LLP

Warner S. Fox
Georgia Bar No. 272654
wfox@hpylaw.com
C. Shane Keith
Georgia Bar. No. 411317
skeith@hpylaw.com
Elliott C. Ream
Georgia Bar. No. 528281
eream@hpylaw.com

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
T: 404-614-7400
F: 404-614-7500

## VARAHI HOTEL, LLC'S ANSWER TO
## SECOND AMENDED COMPLAINT

COMES NOW Varahi Hotel, LLC  ("Varahi"), a Defendant in the above-referenced matter, and hereby files its Answer to Plaintiff Jane Doe 1's ("Plaintiff") Second Amended Complaint [DOC. 305], stating as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint does not plausibly allege facts sufficient to infer that Varahi knew or should have known of alleged sex trafficking at the Smyrna Red Roof Inn or that Varahi participated in a sex trafficking venture.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of acquiescence, waiver, unclean hands, estoppel, and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has settled or compromised any of her claims, such claims are barred by accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

The doctrines of comparative negligence, contributory negligence and apportionment of damages are or may be applicable in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were the result of the conduct of persons or entities over whom Varahi had no control or responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

Varahi's conduct did not evidence willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

## ANSWER TO THE SECOND AMENDED COMPLAINT

Varahi hereby responds to the individually numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

1.     The allegations of Paragraph 1 of the Second Amended Complaint are conclusory in nature, and Varahi denies these allegations against the "Defendants" collectively to the extent they pertain to Varahi. Otherwise, Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1.

2.     The allegations of Paragraph 2 of the Second Amended Complaint are conclusory in nature, and Varahi denies these allegations against the "Defendants" collectively to the extent they pertain to Varahi. Otherwise, Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2.

3.     The allegations of Paragraph 3 of the Second Amended Complaint are conclusory in nature, and Varahi denies these allegations against the "Defendants" collectively to the extent they pertain to Varahi. Otherwise, Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3.

4.     The allegations of Paragraph 4 of the Second Amended Complaint are conclusory in nature, and Varahi denies these allegations against the "Defendants" collectively to the extent they pertain to Varahi. Otherwise, Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.

5.     Paragraph 5 of the Second Amended Complaint does not contain any factual allegations to which a response is required, but to the extent any allegations in Paragraph 5 pertain to Varahi and require a response, they are denied.

**THE PARTIES**

6.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Second Amended Complaint.

**Smyrna Red Roof**

7.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Second Amended Complaint.

8.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Second Amended Complaint.

9.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Second Amended Complaint.

10.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Second Amended Complaint.

11.     Admitted.

12.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Second Amended Complaint.

13.     Paragraph 13 of the Second Amended Complaint is conclusory in nature and does not contain any factual allegations to which a response is required, but to the extent any allegation against the "Smyrna Red Roof Defendants" collectively pertains to Varahi, it is denied.

**Atlanta Red Roof**

14.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Second Amended Complaint.

15.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Second Amended Complaint.

**Suburban Extended Stay**

16.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Second Amended Complaint.

17.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Second Amended Complaint.

18.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Second Amended Complaint.

19.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Second Amended Complaint.

20.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Second Amended Complaint.

**Microtel**

21.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Second Amended Complaint.

22.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Second Amended Complaint.

23.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Second Amended Complaint.

24.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Second Amended Complaint.

25.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Second Amended Complaint.

## JURISDICTION & VENUE

26.     Varahi admits that this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under 18 U.S.C. § 1595(a). Varahi admits that this Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 only to the extent her claim under federal law remain pending.

27.      Varahi admits the allegation of Paragraph 27 of the Second Amended Complaint as it pertains to Varahi. Otherwise, Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27.

28.     Varahi admits that venue is proper in this district. Varahi denies the remaining allegations Paragraph 28 of the Second Amended Complaint as they pertain to Varahi . Otherwise, Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28.

## FACTUAL ALLEGATION

**I.     THE SMYRNA RED ROOF**

**A.     The Trafficking of Jane Doe 1 At the Smyrna Red Roof.**

29.     Paragraph 29 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

30.     Paragraph 30 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

31.     Paragraph 31 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

32.     Paragraph 32 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

33.    Varahi admits that for some period of time there was a signage stating that no refunds would be given after a person was in a room for more than 15 minutes. Varahi denies that the signage was an "attempt to disguise the bustling sex trade taking place on its property." Varahi further denies that there was "a bustling sex trade taking place on its property. All other portions of this paragraph are denied.

34.    Varahi admits that for some period of time there was a signage stating that no refunds would be given after a person was in a room for more than 15 minutes. All other portions of this paragraph are denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Paragraph 39 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

40.     Paragraph 40 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

41.     Paragraph 41 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

42.     Paragraph 42 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

43.     Paragraph 43 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

44.    Paragraph 44 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

45.    Paragraph 45 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

46.    Paragraph 46 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

47.    Paragraph 47 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

48.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Second Amended Complaint.

49.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Second Amended Complaint.

50.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Second Amended Complaint.

51.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Second Amended Complaint.

52.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Second Amended Complaint.

53.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Second Amended Complaint.

54.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Second Amended Complaint.

55.     As it relates to Varahi, denied.  As to the remaining allegations of this paragraph, Varahi is without knowledge or information sufficient to form a belief as to the truth of those allegations.

56.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Second Amended Complaint.

57.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Second Amended Complaint.

58.     As it relates to Varahi, denied.   As to the remaining allegations of this paragraph, Varahi is without knowledge or information sufficient to form a belief as to the truth of those allegations.

59.     Paragraph 59 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

60.     Paragraph 60 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

61.     Defendant admits that in some instances the hotel manager, Bob Patel, would reply to certain online postings.   The remainder of the allegations of this paragraph are denied as stated.

62.     Paragraph 62 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

63.     Paragraph 63 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

64.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Second Amended Complaint.

65.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Second Amended Complaint.

66.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Second Amended Complaint.

67.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Second Amended Complaint.

68.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Second Amended Complaint.

69.     Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Second Amended Complaint.

70.     As it relates to Varahi, denied.  Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70 of the Second Amended Complaint.

71.     As it relates to Varahi, denied.  Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 of the Second Amended Complaint.

72.     As it relates to Varahi, denied.  Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72 of the Second Amended Complaint.

73.     Paragraph 73 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

74.     Paragraph 74 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

75.    Paragraph 75 of the Second Amended Complaint contains allegations that are conclusory in nature and does not contain any factual allegations to which a response is required; but to the extent any allegations pertain to Varahi, they are denied.

### B.    The Smyrna Red Roof Defendants

76.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

77.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

78.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

79.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

80.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

81    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

82.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

83.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

18

84.     The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

85.     The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

86.     The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

87.     The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

88.     Varahi admits that it bought the Smyrna Red Roof Inn in December 2012. The remaining allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

89.     The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

90.     Admitted.

91.     The allegations of this paragraph are argumentative and assume facts not in evidence and Vahari denies the final clause of this paragraph.  Vahari admits that it did receive revenue from the rental of rooms at the Smyrna Red Roof Inn at the times that it owned it.

92.     The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

93.     The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

94.     The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

95.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

96.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

97.    The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

98.   The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

99.   Admitted.

100.   The allegations of this paragraph are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.  To the extent that the Court deems that a response is required of Varahi, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

101.   To Defendant's knowledge, it has a contract with Red Roof Franchising, LLC; as to the remaining allegations of this paragraph, Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations.

102.   The allegations of this paragraph – including all of its subparts - are not directed to and do not involve Varahi, thus no response is required of Varahi to this paragraph.

## II.     THE ATLANTA RED ROOF

*Answer to Paragraphs 103 through 131*: The allegations of Paragraphs 103 through 131 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

## III.    THE SUBURBAN EXTENDED STAY

*Answer to Paragraphs 132 through 171*: The allegations of Paragraphs 132 through 171 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

## IV.    THE MICROTEL INN & SUITES

*Answer to Paragraphs 172 through 201*: The allegations of Paragraphs 172 through 201 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

## COUNTS
### Violations of the Georgia Racketeer Influenced
### and Corrupt Organizations Act
### (Allegations Common to Counts I-II, V-VI, IX-X, XIII-XIV

202.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

203.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

204.   This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

205.   This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

206.   This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

207.   This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

208.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

209.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

210.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

211.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

212.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

213.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

214.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

215.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

216.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

217.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

218.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

219.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

220.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

221.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

222.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

223.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

224.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

225.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

226.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, as it relates to Varahi, denied.

### COUNT I
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act
### O.C.G.A. § 16-14-4(c)
### (Against Smyrna Red Roof Defendant: Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)

227.    Varahi repeats and incorporates by reference its responses to the allegations set forth in Parts I.A-B. and Paragraphs 202-226 of the Second Amended Complaint above as if fully set forth herein.

228.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

229.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

230.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

231.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

232.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

233.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

234.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

235.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

236.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

237.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

238.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

**COUNT II**
**Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act**
**O.C.G.A. § 16-14-4(a)**
**(Against Smyrna Red Roof Defendant: Westmont, RRI, Varahi, FMW, Red**
**Roof Franchising, and RRI West)**

239.    Varahi repeats and incorporates by reference its responses to the allegations set forth in Parts I.A-B. and Paragraphs 202-226 of the Second Amended Complaint above as if fully set forth herein.

240.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

241.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

242.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

243.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

244.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

245.    As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

246.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

## COUNT III
## TVPRA, 18 USC § 1595
## (Against Smyrna Red Roof Defendant: Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)

247.   Varahi repeats and incorporates by reference its responses to the allegations set forth in Parts I.A-B. of the Second Amended Complaint above as if fully set forth herein.

248.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

249.   Varahi repeats and incorporates by reference its responses to the allegations set forth in Parts I.A-B. and Paragraphs 202-226 of the Second Amended Complaint above as if fully set forth herein.

250.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

251.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

252.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

253.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

254.   Varahi repeats and incorporates by reference its responses to the allegations set forth in Parts I.A-B. of the Second Amended Complaint above as if fully set forth herein  and denies the allegations of this paragraph as they relate to it.

255.   Varahi admits that it has owned and managed the Smyrna Red Roof Inn since December 2012.  The remaining allegations of this paragraph are denied.

256.   The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

257.   The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

258.   The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

259.   Varahi admits that it is a franchisee of Red Roof Franchising.  As to Vahari, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

33

260.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

261.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

262.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

263.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

264.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

265.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

266.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

267.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

268.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

269.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

270.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

271.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

272.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.   To the extent a response is required, the remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

273.    As to Vahari, denied.   The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

274.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

275.   As to Vahari, denied.  The remaining allegations of this paragraph do not relate to Varahi and thus no response is required.

**COUNT IV**
**Negligence**
**(Against Smyrna Red Roof Defendant: Westmont, RRI, Varahi, FMW, Red Roof Franchising, and RRI West)**

276.   Varahi repeats and incorporates by reference its responses to the allegations set forth in Parts I.A-B. of the Second Amended Complaint above as if fully set forth herein.

277.   This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, denied as stated.

278.   This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, denied as stated.

279.   This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, denied as stated.

280.   This paragraph and all of it subparts are denied as to Varahi.

281.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

282.    This paragraph calls for and states a legal conclusion and, thus, no response is required of Varahi.  To the extent a response is required, denied as stated.

283.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

284.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

285.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

286.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

287.    The allegations of this paragraph of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and the allegations stand denied.

288.    Denied as to Varahi.

289.    Denied as to Varahi.

290.    Denied as to Varahi.

291.    Denied as to Varahi.

**COUNT V**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(c)**
**(Against Atlanta Red Roof Defendants: Westmont, RRI, RRI III,**
**RRI West, and Red Roof Franchising)**

*Answer to Paragraphs 292 through 303*: The allegations of Paragraphs 292 through 303 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**COUNT VI**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(a)**
**(Against Atlanta Red Roof Defendants: Westmont, RRI, RRI III,**
**RRI West, and Red Roof Franchising)**

_Answer to Paragraphs 304 through 311_: The allegations of Paragraphs 304 through

311 of the Second Amended Complaint are not directed at Varahi. Varahi is

without knowledge or information sufficient to form a belief as to the truth of such

allegations and therefore denies same.

**COUNT VII**
**TVPRA, 18 U.S.C. § 1595**
**(Against Atlanta Red Roof Defendants: Westmont, RRI, RRI III,**
**RRI West, and Red Roof Franchising)**

_Answer to Paragraphs 312 through 330_: The allegations of Paragraphs 312 through

330 of the Second Amended Complaint are not directed at Varahi. Varahi is

without knowledge or information sufficient to form a belief as to the truth of such

allegations and therefore denies same.

## COUNT VIII
### Negligence
### (Against Atlanta Red Roof Defendants: Westmont, RRI, RRI III, RRI West, and Red Roof Franchising)

*Answer to Paragraphs 331 through 345*: The allegations of Paragraphs 331 through 345 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## COUNT IX
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
### (Against Suburban Extended Stay Defendants: HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)

*Answer to Paragraphs 346 through 357*: The allegations of Paragraphs 346 through 357 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**COUNT X**
**Violations of the Georgia Racketeer Influenced and Corrupt**
**Organizations Act O.C.G.A. § 16-14-4(a)**
**(Against Suburban Extended Stay Defendants: HSI, Westmont, WHG SU LP,**
**WHG SU LLC, and SUB-SU)**

_Answer to Paragraphs 358 through 365_: The allegations of Paragraphs 358 through

365 of the Second Amended Complaint are not directed at Varahi. Varahi is

without knowledge or information sufficient to form a belief as to the truth of such

allegations and therefore denies same.

**COUNT XI**
**TVPRA, 18 U.S.C. § 1595**
**(Against Suburban Extended Stay Defendants: HSI, Westmont, WHG SU LP,**
**WHG SU LLC, and SUB-SU)**

_Answer to Paragraphs 366 through 382_: The allegations of Paragraphs 366 through

382 of the Second Amended Complaint are not directed at Varahi. Varahi is

without knowledge or information sufficient to form a belief as to the truth of such

allegations and therefore denies same.

42

## COUNT XII
### Negligence
**(Against Suburban Extended Stay Defendants: HSI, Westmont, WHG SU LP, WHG SU LLC, and SUB-SU)**

*Answer to Paragraphs 383 through 397*: The allegations of Paragraphs 383 through 397 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## COUNT XIII
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(c)
**(Against Microtel Defendants: Kuzzins, CC&S, and Essex)**

*Answer to Paragraphs 398 through 409*: The allegations of Paragraphs 398 through 409 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## COUNT XIV
### Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act O.C.G.A. § 16-14-4(a)
**(Against Microtel Defendants: Kuzzins, CC&S, and Essex)**

*Answer to Paragraphs 410 through 417*: The allegations of Paragraphs 410 through 417 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## COUNT XV
### TVPRA, 18 U.S.C. § 1595
### (Against Microtel Defendants: Kuzzins, CC&S, and Essex)

*Answer to Paragraphs 418 through 434*: The allegations of Paragraphs 418 through 434 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## COUNT XVI
### Negligence
### (Against Microtel Defendants: Kuzzins, CC&S, and Essex)

*Answer to Paragraphs 435 through 447*: The allegations of Paragraphs 435 through 447 of the Second Amended Complaint are not directed at Varahi. Varahi is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

## DENIAL

Any allegation contained in Plaintiff's Second Amended Complaint which has not been expressly admitted herein is denied.

## JURY DEMAND

Varahi hereby demands a trial by jury on all triable claims.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Second Amended Complaint, Varahi prays that all claims against it be dismissed, with all costs taxed to the Plaintiff, and for such other further relief as this Court deems just and proper.

Respectfully submitted, this 3rd day of September, 2020.

HAWKINS PARNELL & YOUNG, LLP

Warner S. Fox
Georgia Bar No. 272654
wfox@hpylaw.com
C. Shane Keith
Georgia Bar. No. 411317
skeith@hpylaw.com
Elliott C. Ream
Georgia Bar. No. 528281
eream@hpylaw.com
*Counsel for Varahi Hotels, LLC*

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
T: 404-614-7400
F: 404-614-7500

*JANE DOE 1 v. RED ROOF INNS, INC., et al.*
USDC N.D. Ga., CAFN 1:19-CV-03840-WMR

## CERTIFICATE OF COMPLIANCE

In accordance with the Local Rules, counsel for Varahi certifies that

**VARAHI HOTEL, LLC'S ANSWER TO  SECOND AMENDED COMPLAINT**

was prepared using Book Antiqua 13-point font.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, I electronically filed **VARAHI**

**HOTEL, LLC'S ANSWER TO  SECOND AMENDED COMPLAINT** with the

Clerk of Court using the CM/CF system, which will automatically send  email

notification of such filing to all counsel of record.

HAWKINS PARNELL & YOUNG, LLP

Warner S. Fox
Georgia Bar No. 272654
wfox@hpylaw.com
C. Shane Keith
Georgia Bar. No. 411317
skeith@hpylaw.com
Elliott C. Ream
Georgia Bar. No. 528281
eream@hpylaw.com
*Counsel for Varahi Hotels, LLC*

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
T: 404-614-7400
F: 404-614-7500

1